In the Matter of the Transfer Tax upon the Estate of HENRIETTA HUTTON, Deceased.

THE COMPTROLLER OF THE STATE OF NEW YORK, Appellant; HENRY A. HUTTON and FREDERICK H. ALLEN, Administrators with the Will Annexed, etc., Respondents.

First Department, January 19, 1917.

**Tax — transfer tax — contingent remainders taxable at five per cent — remoteness of contingency immaterial.**

Where, by the terms of a will, it is possible that if all the children of the testator named as remaindermen should die without issue at the same time, as in a single catastrophe, the property would go to contingent remaindermen whose estates would be taxable at five per cent, the transfer tax should be assessed at the higher percentage, although the possibility of the contingent remaindermen taking is extremely remote, for the statute is imperative in requiring remainders to be taxed at the highest rate for any possible succession that may occur in any contingency.

APPEAL by the Comptroller of the State of New York from an order of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 19th day of July, 1916, reversing an order fixing a transfer tax in the above estate.

*Schuyler C. Carlton,* for the appellant.

*William C. Cammann,* for the respondents.

SMITH, J.:

The question arises over the 6th clause of the will of Henrietta Hutton, who died December 31, 1914, where the rest and remainder of testatrix's property is devised in trust to divide into as many equal parts as the testatrix may leave children, providing that the rents and profits shall be paid to each child during life, and, substantially, if any child should die without issue, that the property should be paid to the surviving children of the testatrix. The will then reads: "On the death of any child without leaving issue him or her surviving, and in case no other child of mine or the issue of any other child be alive,

I give, devise and bequeath his or her share of my estate in accordance with the devises and bequests contained in the last will and testament of such child so dying for whom such share is held in trust; and in default of such last will and testament, then to and among the then surviving children or other issue of my sister." The *pro forma* order taxed these life estates and the remainder at the five per cent rate by reason of the possibility that all of the children might die without issue at the same time, in which case it would go to a five per cent remainderman. This order was modified by the surrogate, who held that such a possibility was so remote that the court would not consider it. The Comptroller now seeks to reverse this ruling, and to have affirmed the *pro forma* order entered upon the report of the appraiser, on the ground that the Tax Law (Consol. Laws, chap. 60 [Laws of 1909, chap. 62], § 230, as amd. by Laws of 1911, chap. 800)* requires the taxation to be imposed "at the highest rate for any possible succession that may occur in any contingency." The requirement of this statute seems to be so plain that it cannot be ignored, and, while it is not probable, it is possible, as contended by the Comptroller, that these children may all die by a single catastrophe, so that the property would go at once to some party to whom would be chargeable the five per cent tax.

The order of the surrogate is reversed, and the matter remitted to the surrogate to proceed in accordance herewith.

CLARKE, P. J., LAUGHLIN, SCOTT and DOWLING, JJ., concurred.

Order reversed and proceedings remitted to surrogate.

---

* Since amd. by Laws of 1916, chap. 550.— [REP.