*466
 
 By the Court.
 

 The respondent admits his refusal to execute the requested certificate and 'states that his reason therefor is the insufficiency of the unincumbered balance in “the highway construction fund” established by the provisions of Section 5541-7, General Code.
 

 The amount of the unincumbered balance in this fund depends on the meaning of amended Section 5537, General Code. The amendment became effective September 24, 1947, and reads in part as follows:
 

 “Upon receipt of taxes levied by Sections 5526 to 5541-8, both inclusive, of the General Code, the Treasurer of State shall place the first $50,000 collected'in a special fund to be known as the gasoline tax rotary fund. Thereafter as required by the depletion thereof he shall place to the credit of said rotary fund an ambunt sufficient to make the total of said fund at the time' of each such credit amount to $50,000. The balance of taxes collected under the provisions of [sic] levied by Sections 5526 to 5541-8, both inclusive, of the General Code,- after the credits of said rotary fund, shall be credited to a fund to be known as the gasoline tax excise fund.”
 

 This entire controversy is caused by the insertion of the phrase “levied by Sections 5526 to 5541-8, both inclusive” in two of the three sentences above quoted. The respective phrases eliminated were “herein provided for” and “this act.” Hence, the former complete phrases were “taxes herein provided for” and “taxes collected under the provisions of this act”; and the amended language now reads “taxes levied by Sections 5526 to 5541-8, both inclusive” and “taxes collected under the provisions of [sic] levied by Sections 5526 to 5541-8, both inclusive.” The difficulty arises by reason of the fact that the former language involved, but one tax while the present includes two.
 

 
 *467
 
 Sections 5527 and 5541, General Code, impose separate and distinct taxes. Each is an excise on the s.ale of motor vehicle fuel, and the amount happens tp be the same — one and one-half cents per gallon.
 

 Before Section 5537, General Code,
 
 sufra,
 
 was amended it involved only the tax of one and one-half cents per gallon imposed by Section 5527, General Code, and this is designated for highway
 
 maintenance.
 
 The amended provisions of Section 5537, General Code, include not only the first tax imposed by Section 5527, General Code, designated for highway maintenance but also the tax imposed by Section 5541, General Code, designated for highway
 
 construction.
 
 Consequently, under the amendment both taxes are appropriated for state maintenance alone.
 

 The relator insists that no such result was intended, that the amendment was a mistake occasioned by the welter of haste and confusion incident to the closing days of the session of the General Assembly, that if the new language is given effect it will repeal by implication the provisions of Sections 5541-7 and 5541-8, General Code, and that there will he no fund for the construction of new highways as distinguished from the maintenance.of the present highways.
 

 The relator relies on the fundamental principle of statutory construction that repeals by implication are not favored, and in numerous cases this court has stated its adherence thereto. However, as restated in the second paragraph of the syllabus in the case of
 
 Slingluff
 
 v.
 
 Weaver,
 
 66 Ohio St., 621, 64 N. E., 574, this court has observed an equally well settled rule as follows:
 

 “But the intent of the law-makers is to be sought first of all in the language employed, and if the words be free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the law-making
 
 *468
 
 body, there is no occasion to resort to other means of interpretation. The question is not what did the-General Assembly intend to enact, but what is the meaning of that which it did enact. That body should be held to mean what it has plainly expressed, and hence no room is left for construction.”
 

 In Section 5537, General Code,
 
 supra,
 
 the questioned new language is employed not only once but twice and each time in a different sentence.. Furthermore, this language was inserted by the taxation committee off the House of Representatives, was passed by the House of Representatives, was sent to the Senate, was referred to the Senate committee on taxation, was amended by it in other respects, was passed by the-Senate, was returned to the House of Representatives for concurrence in the Senate amendments, and was. repassed by the House of Representatives.
 

 In view of this legislative history does the judicial-function of this court permit it to hold that the General. Assembly did not know what it was doing and did not intend to enact the new language? The court holds that under these circumstances it cannot conclude that the General Assembly did not intend to employ the-plain new language and thereby appropriate the proceeds of both taxes for the purpose of state-highway maintenance alone. If the unambiguous wording of' the amendment was a legislative mistake, it must be-corrected by the legislative process.
 

 The- relator contends further that if the amendment is permitted to stand, it is unconstitutional in that it contravenes the provisions of Section 5 of Article-XII of the Constitution of Ohio, which provides that, “every law imposing a tax, shall state, distinctly, the object of the same, to which only, it shall be applied.” He insists that under the amendment the tax imposed by Section 5541, General Code, is appropriated for a.
 
 *469
 
 purpose other than that designated in that statute itself.
 

 ■ To this contention the respondent suggests two answers. First, he admits that that section provides for highway construction, but he insists that the broad language is sufficient to include the improvement and maintenance of the highways of the state. Secondly, he stresses the important and simplifying fact that each of these motor-vehicle fuel taxes is an excise. Consistent with the Latin root of the word, the excise is something cut off from the purchase price of the fuel. In the statute itself is found the tautological expression “excise tax.” An excise is, 'of course, a tax.
 

 In this state excises are authorized under a different section of the Constitution — Section 10 of Article XII —which'reads in part as follows:
 

 “Laws may be passed providing for excise and franchise taxes * *
 

 In the opinion in the case of
 
 Calerdine, a Taxpayer,
 
 v.
 
 Freiberg, County Treas.,
 
 129 Ohio St., 453, 195 N. E., 854, appears the following pertinent discussion:
 

 “The recognition that this is an excise greatly simplifies the problem inasmuch as there is no other species of tax with reference to which the legislative branch of the government enjoys such broad power and discretion. The following’ pertinent language appears in 1 Cooley on Taxation (4th Ed.), 131:
 

 “ ‘It is often very important to determine whether a certain tax is a property tax or an excise tax,
 
 i. e.,
 
 whether (1) a property tax or (2) an occupation, license, business, privilege or franchise tax. Not. only are excise taxes governed by many rules entirely different from those which control.property taxation, but also there are many constitutional provisions applicable to taxes on property but not to excise taxes.
 
 *470
 
 For instance an excise tax is not within constitutional prohibitions such as those requiring taxation of property by value, uniformity and equality of taxation.’ ”
 

 The court finds no constitutional conflict in the amendment to Section 5537, General Code.
 

 The relator’s motion for a judgment on the pleadings is overruled, and the prayer of his petition for a writ of mandamus is denied.
 

 Writ denied.
 

 Weygandt, C. J., Turner, Matthias, Hart, Zimmerman, Sohngen and Stewart, JJ., concur.