Hart, J.
 

 The first question presented is whether a “temporary order” of the Probate Court determining the amount of and entering succession taxes under Section 5343, General Code, where applicable, is •a final order within the meaning of Section 12223-2, General Code, and appealable under Sections 5348 and 12223-3, General Code.
 

 Although the Probate Court’s order determining-succession taxes subject to certain future contingencies which may arise as to the devolution of property in an estate under Section 5343, General Code, is called a temporary order, it is final so far as. the present collection of taxes against the estate is concerned.
 

 Section 5346, General Code, provides that any person dissatisfied with the determination of succession taxes by the Probate Court may file exceptions thereto within 60 days from the entry of the order and, after hearing, the Probate Court may make such order as it may deem just and proper. Under Section 5347, General Code, the order is then certified to the county auditor for entry on the tax duplicate. Section 5348, General Code, provides that an appeal may be taken by any party from the
 
 “final
 
 order” of the-Probate Court under Section 5346, General Code, in the manner
 
 *5
 
 provided by law for appeals from orders of the Probate Court in other cases.
 

 On two previous occasions this court has reviewed appeals from “temporary orders” made by the Probate Court pursuant to Section 5343, General Code, and in such cases recognized the orders appealed from as final orders and not interlocutory in nature. See
 
 Tax Commission
 
 v.
 
 Oswald, Exrx.,
 
 109 Ohio St., 36, 141 N. E., 678;
 
 Wonderly, Gdn.,
 
 v.
 
 Tax Commission,
 
 112 Ohio St., 233, 147 N. E., 509. The mere use of the word, “temporary,” to describe an order which, under certain circumstances, may be later modified does not imply that such original order is not a “final order.” See
 
 King
 
 v.
 
 King,
 
 38 Ohio St., 370; 2 Ohio Jurisprudence, 237, Section 117.
 

 Those portions of Section 5343, General Code, providing for a “temporary order” fixing a succession tax rate at the highest possible rate, subject to a possible refunder in accordance with the ultimate succession of the property taxed, were enacted in 1919. The courts of New York, under the statute of that state having similar provisions, have consistently entertained appeals from the temporary orders fixing succession taxes at the highest possible rate. See
 
 In re Estate of Terry,
 
 218 N. Y., 218, 112 N. E., 931;
 
 In re Estate of Hutton,
 
 176 App. Div., 217, 162 N. Y. Supp., 972, affirmed 220 N. Y., 770, 116 N. E., 1053;
 
 Salomon
 
 v.
 
 State Tax Commission of New York,
 
 298 U. S., 484, 73 L. Ed., 464.
 

 We hold that the “temporary order” of the Probate Court in the instant case was a final order from which appeal may be taken.
 

 The most vital questions in this case are whether Section 5334, General Code, prescribing exemptions from succession taxes, and Section 5335, General Code, prescribing rates of such taxes as applicable to certain categories of persons named therein, are
 
 in pari
 
 
 *6
 

 materia
 
 with Section 10512-23, General Code, relating to the adoption of children and the inheritable rights of such children; and whether the succession of an adopted child of a child of a decedent, in the estate of the latter, is taxable under the provisions of Sections 5334 and 5335, General Code, as passing to a person mentioned in subparagraph 2 of Section 5334, General Code, as a lineal descendant of such decedent.
 

 The pertinent part of Section 5334, General Code, reads as follows:
 

 “Successions * * * shall be subject to the provisions of said sections [levying succession tax] to the extent only of the value of the property transferred above the following exemptions:
 

 < < * * *
 

 • “2. When the property passes to or for the use of the father, mother, husband, adult child or other
 
 lineal descendant of the decedent,
 
 or an adopted child, or person recognized by the decedent as an adopted child and designated by such decedent as a legal heir under the provisions of a statute of this or any other state or country, or the lineal descendants thereof, or a lineal descendant of an adopted child, the exemption shall be three thousand five hundred dollars.” (Emphasis supplied.)
 

 The pertinent part of Section 5335, General Code, reads as follows:
 

 “The rates at which such tax is levied shall be as follows:
 

 ; “1. On successions passing to any person mentioned in the first and second subparagraphs of the preceding section [Section 5334, General Code];
 

 ■ “One per centum on such portion of the value of the property transferred up to and including the first twenty-five thousand dollars as shall be in excess of the exemptions therein provided * * This section further provides that successions passing to persons
 
 *7
 
 mentioned in the third subparagraph of Section 5334 shall be taxed at a higher rate.
 

 The pertinent part of Section 10512-23, General Code, relating to the adoption of children, reads as follows:
 

 “ * * * and the [adopted] child shall be invested with every legal right, privilege, obligation and relation in respect to education, maintenance
 
 and the rights of inheritance to real estate, or to the distribution of personal estate on the death of such adopting parent or parents as if born to them in lawful
 
 wedloch; provided, such child shall not be capable of inheriting property expressly limited to heirs of the body of the adopting parent or parents; but shall be. capable of inheriting property expressly
 
 limited by will or by operation of law to the child or children, heir or heirs at law, or next of Jcin,
 
 of the adopting parent or parents, or to a class including any of the foregoing * * (Emphasis supplied.)
 

 The claim of the exceptors (appellees herein) to the finding of the Probate Court as to the succession taxes assessable against Howard K. Friedman was that he, as the adopted child of decedent’s son, is a lineal descendant of the decedent and as such is entitled to the exemption provided in subparagraph 2 of Section 5334, General Code, and to the preferential rate of taxation specified in subparagraph 1 of Section 5335, General Code. In support of this position the exceptors claim that the two sets of statutes, the adopting statutes and the succession tax statutes hereinbefore referred to, are
 
 in pari materia
 
 and must be read and construed together since the solution of the problem here presented calls for the application of both classes of statutes to the subject matter involved.
 

 Statutes “may be
 
 in pari materia
 
 even though they contain no references to each other, whether enacted concurrently, or at the same session of the Legisla
 
 *8
 
 ture, or at different times. However, the fact that two statutes were enacted at different times is an element helpful to the conclusion that the statutes are not
 
 in' pari materia.
 
 On the other hand, statutes are not
 
 in pari materia
 
 which do not relate to the same subject and which have no common purpose and scope. There is no occasion for resorting to the rule of construction as to statutes
 
 in pari materia
 
 where the two statutes are entirely independent of each other * * 37 Ohio Jurisprudence, 601, Section 332.
 

 The doctrine of
 
 in pari materia
 
 is, of course, applicable only when the terms of the statute to be construed are ambiguous or their significance doubtful. It is not to be applied to effect a construction contrary to the clearly manifested intent of the General Assembly as expressed in the statute. Courts have also refused to invoke the rule for the purpose of reading into a later act portions of former acts where there was no indication of such an intent upon the part of the General Assembly. 37 Ohio Jurisprudence, 610, Section 336.
 

 In the opinion of this court, the succession statutes and the adoption statutes relative to the rights of succession of adopted children are
 
 in pari materia
 
 as relating to the same subject matter.
 
 Flynn, Admr.,
 
 v.
 
 Bredbeck,
 
 147 Ohio St., 49, 68 N. E. (2d), 75. On the other hand, the statutes here under construction relate to two separate and distinct subjects, the adoption of children and the imposition of succession taxes upon different categories of persons, and are not
 
 in pari materia.
 

 Section 5334, General Code, was enacted in 1919 (108 Ohio Laws, pt. 1, 564). Unquestionably, the term, “lineal descendant,” as used in that section was intended to mean one who was descended by blood and not one who was adopted. The section was amended February 4, 1920 (108 Ohio Laws, pt. 2, 1193), March
 
 *9
 

 7,
 
 1923 (110 Ohio Laws, 26), May 11, 1939 (118 Ohio Laws, 365), and May 6, 1943 (120 Ohio Laws, 247),. without any material change in subparagraph 2, and constantly retained the term, “lineal descendant,” even up to the present time.
 

 On the other hand, from January 1,1932, until January 1, 1944, Section 10512-19 (formerly Section 8030), and since January 1, 1944, Section 10512-23, General Code, relating to the inheritable rights of an adopted child, has contained the provision: “* * * and the [adopted] child shall be invested with every legal right, privilege, obligation and relation in respect to education, maintenance and the rights of inheritance to real estate, or to the distribution of personal estate on the death of such adopting parent or parents as if born to them in lawful wedlock; * * * but shall be capable of inheriting property expressly limited by will or by operation of law to the child or children, heir or heirs at law, or next of kin, of the adopting parent or parents, or to a class including any of the foregoing * * #
 

 The new language here quoted, introduced into the statute for the first time on January 1, 1932, was designed to give an adopted child the same rights of inheritance from ancestors and other relatives of the adopting parent as are enjoyed by a consanguineous child except that “such child shall not be capable of inheriting property expressly limited to the heirs of the body of the adopting parent or parents.”
 

 The question now before us is whether the General Assembly, having once clearly differentiated the term, “adopted child,” from the term, “lineal descendant,” within subparagraph 2 of Section 5334, General Code, amended, by implication, that section by the later amendment of Section 10512-23, General Code, so as to include “adopted child” within the category of “lineal descendant” still continuously retained in Section 5334, General Code.
 

 
 *10
 
 Amendments and repeals by implication are not favored in the law. The burden is upon him who claims such amendment or repeal by implication to establish such fact by clear and satisfactory evidence. And it is highly significant that, notwithstanding the succession tax statute (Section 5334, General Code) has been amended on several occasions since its adoption and since the enactment and amendment of the adoption statute (Section 10512-23), whereby the latter has been made to include an “adopted child” in the category of child as if born to an adopting parent “in lawful wedlock,” the General Assembly has never deemed it necessary or proper to amend the taxing statute or the exemption statute so as to eliminate the distinction made therein between an “adopted child” and “a lineal descendant.”
 

 This is true, notwithstanding the fact that in 1935 the Probate Court of Summit County in the case of
 
 In re Estate of Griffin,
 
 3 Ohio Supp., 304 (32 N. E. [2d]), wherein the assessment of succession taxes against an adopted daughter of the daughter of a decedent was involved, held that the adopted child was not a successor of the decedent so as to be included in the category mentioned in subparagraph 2 of Section 5334, the identical question involved in the instant case. The court in that case held that subparagraph 2 of Section'5334 does not specifically include the adopted child of a child of a decedent as a “lineal descendant” of the latter, and that the succession tax statute and the exemptions therein provided must be strictly construed. That court cited and relied upon the case of
 
 Tax Commission
 
 v.
 
 Paxson, Admr.,
 
 118 Ohio St., 36, 41, 160 N. E., 468, which held that a statute exempting certain legacies from a succession tax should be strictly construed and that to be exempt, a legacy must come within the strict letter of the statutory enactments. This holding seems to have represented the unquestioned
 
 *11
 
 administrative construction and practice as related to subparagraph 2 of Section 5334, General Code, for a long period of years. See 37 Ohio Jurisprudence, 773, Section 444.
 

 Of course, the General Assembly could amend the succession tax statute so as to give an adopted child of a child of a decedent the same succession tax status as a child of the blood of the decedent, but upon full consideration of the statutes involved, as herein reviewed, this court is of the opinion that it has not done so.
 

 The judgment of the Court of Appeals is reversed and final judgment rendered for the appellant.
 

 Judgment reversed.
 

 Matthias, Zimmerman, Stewart, Turner and Tart, JJ., concur.
 

 Weygandt, C. J., dissents.