O'NEIL ET AL., APPELLEES, v. BOARD OF COUNTY COMMISSIONERS OF SUMMIT COUNTY ET AL., APPELLANTS.  (Two cases.)

[Cite as O'Neil v. Board of County Commissioners, 3 Ohio St. 2d 53.]

(Nos. 38835 and 38836—Decided July 7, 1965.)

56

*Messrs. Baker, Hostetler & Patterson, Mr. Sidney D. L. Jackson, Jr.,* and *Messrs. O'Neil & Smith,* for appellees.

*Mr. George Pappas,* prosecuting attorney, and *Mr. John D. Smith,* for appellant board of county commissioners.

*Mr. Harry W. Schwab, Jr.,* for cross-appellant Hamlin in case No. 38836.

SCHNEIDER, J. We have little difficulty in concluding that a board of county commissioners may, upon the petition of a

landowner and by observing strictly the provisions of Sections 5553.41 to 5553.43, inclusive, Revised Code, exercise the power of eminent domain to provide a road from the lands of the petitioner to a public highway when necessary *"for the use of the public"* without contravening the requirements of the Ohio and federal Constitutions. See *Tracey* v. *Preston, Dir. of High ways*, 172 Ohio St. 567; *May* v. *Ohio Turnpike Commission*, 172 Ohio St. 555.

Nor is there any basis for appellees' contention that those sections have been repealed by the enactment of the antecedents of Sections 5553.02 to 5553.17, inclusive, Revised Code. Repeals by implication are not favored and will not be given effect unless the provisions of the purported repealing act are so totally inconsistent and irreconcilable with the existing enactment as to nullify it. *Humphrys* v. *Winous Co.*, 165 Ohio St. 45; *State, ex rel. City of Columbus*, v. *Industrial Commission*, 158 Ohio St. 240; *In re Estate of Friedman*, 154 Ohio St. 1; *McDermott* v. *Irwin*, 148 Ohio St. 67; *Henrich* v. *Hoffman, Judge*, 148 Ohio St. 23.

That private rather than public funds are to be expended in acquiring the property and constructing the road does not vitiate the power of eminent domain. *Weaver* v. *Pennsylvania-Ohio Power & Light Co.*, 10 F. 2d 759. If it were otherwise, no private corporation or even the Ohio Turnpike Commission, for example, could exercise the power. See *State, ex rel. Allen*, v. *Ferguson, Aud.*, 155 Ohio St. 26.

However, it is axiomatic that the use for which the power is exercised must be public and not private. *St. Stephen's Club* v. *Youngstown Metropolitan Housing Authority*, 160 Ohio St. 194; *State, ex rel. Bruestle, City Sol.*, v. *Rich, Mayor*, 159 Ohio St. 13; *Grisanti* v. *City of Cleveland*, 89 Ohio Law Abs. 1; *State, ex rel. Shafer*, v. *Otter, County Surveyor*, 106 Ohio St. 415; *Pontiac Improvement Co.* v. *Board of Commrs. of Cleveland Metropolitan Park Dist.*, 104 Ohio St. 447; *Nichols* v. *Turner et al., Twp. Trustees*, 82 Ohio St. 410; *Roth et al., Trustees*, v. *Beech*, 80 Ohio St. 746; *Alma Coal Co.* v. *Cozad, Treas.*, 79 Ohio St. 348; *McQuillen* v. *Hatton*, 42 Ohio St. 202.

The immediate result of the proceedings in this case, if concluded, would be to furnish a right-of-way, maintainable at

public expense, and over which the public would have a useless right of access, from an existing public street to an undeveloped tract in single private ownership. The net effect, therefore, would be to provide a public street to serve the present need and purpose of no one but Hamlin.

That Hamlin proposes to develop his tract under the subdivision regulations of Summit County which would result in a network of public streets within the subdivision is undisputed. However, he is in no sense committed to this proposal, nor are his successors in interest. His petition is not accompanied by a plat of his tract offering the proposed streets therein for dedication and a performance bond to insure their completion to the standards of construction adopted by the Summit County Commissioners.

If this were the case, or if by any other means he were irrevocably bound to develop the proposed street network, we would undoubtedly reach a conclusion contrary to that which we believe is required by *State, ex rel. Sun Oil Co.*, v. *City of Euclid*, 164 Ohio St. 265, paragraph four of the syllabus of which reads:

"A municipal corporation has no power or authority to appropriate lands for some contemplated but undetermined future use."

Public use cannot be determined as of the time of completion of a proposed development, but must be defined in terms of present commitments which in the ordinary course of affairs will be fulfilled.

"* * * If the public use is contingent and prospective and the private use or benefit is actual and present, the public use would be incidental to the private use, and in such a case, the power of eminent domain clearly could not lawfully be exercised." *Kessler* v. *City of Indianapolis* (1927), 199 Ind. 420, 430, 157 N. E. 547.

For the foregoing reasons, we affirm the judgment of the Court of Appeals in case No. 38836.

In No. 38835, shortly after the commencement of that action in the Common Pleas Court, the plaintiffs filed a "supplemental petition" and the court apparently held two separate hearings on the original and supplemental petition and on sepa-

rate motions for temporary restraining orders filed contemporaneously with each. No pleading or other statement of defense was filed by the defendants.

On July 3, 1963, the court overruled the motions and dismissed the petitions without indicating whether defendants were present at those hearings or whether they agreed to submit the cause for final decision. Thereafter, on July 12, 1963, one day prior to rule day for defendants, plaintiffs filed their notice of appeal on questions of law to the Court of Appeals. No bill of exceptions was filed in this case either in the Court of Common Pleas or in the Court of Appeals, which, without formally consolidating the appeal with case No. 38836 (then lodged in the same court), heard arguments and received briefs simultaneously in both appeals. On March 4, 1964, the Court of Appeals filed an opinion in this case reversing the judgment of the Court of Common Pleas, granting the injunction prayed for and indicating clearly that it considered the bill of exceptions and record as filed in case No. 38836 in arriving at its decision.

This conclusion is buttressed by another opinion filed April 8, 1964, denying an application for reconsideration of its judgment and containing the following:

"The evidence before us to substantiate the claims made in the petition and supplemental petition was sufficient to demonstrate that, in the application herein of the statutory authority, the action taken [referring to the action of the board of county commissioners to appropriate plaintiffs' real estate] was unconstitutional. * * *

"The action taken herein [the granting of the injunction] applies to the facts of this case, and may or may not be applicable in other cases which come before the courts."

The rule is firmly established that where no bill of exceptions is filed in an appeal on questions of law to a Court of Appeals, that court is limited to a consideration of errors appearing on the face of the record in the case. *Wickham* v. *First Federal Savings & Loan Co.*, 177 Ohio St. 170; *Albrecht, a Minor*, v. *Estate of Noie*, 177 Ohio St. 167; *Smith* v. *Diamond Milk Products, Inc.*, 176 Ohio St. 143; *Rogers* v. *Alvis, Warden*, 170 Ohio St. 505; *State, ex rel. Novak*, v. *Bright*, 165 Ohio St.

363; *Mayborn* v. *Continental Casualty Co. of Chicago*, 165 Ohio St. 87; *Knowlson* v. *Bellman*, 160 Ohio St. 359; *In re Lands*, 146 Ohio St. 589; *Tenesy* v. *City of Cleveland*, 133 Ohio St. 251; *Micklethwait* v. *City of Portsmouth*, 110 Ohio St. 514.

The rule does not permit the court to fill the vacuum by substituting a bill of exceptions or a transcript of a record of another case however intimately related to the subject matter.

Because the record before it was barren of any pleading, motion or other indication of a defense, the Court of Appeals had to reach outside the record *in this case*, in order to justify its judgment. It could not issue an injunction on the basis of facts, since the record contained mere untraversed allegations and the issues were never joined thereon.

It is equally clear that the trial court should not have entered final judgment dismissing the petition and supplemental petition before the defendants were required to and, in fact, did defend, in the absence of an agreement to waive rule days and to submit the matter to the court for final determination without formal pleading. The Court of Appeals had, therefore, no authority other than to dismiss the appeal and to remand the cause to the lower court for a trial of the issues. Accordingly, we reverse the judgment of the Court of Appeals and remand the cause to the Court of Common Pleas for further proceedings not inconsistent herewith.

*Judgment in case No. 38835 reversed.*
*Judgment in case No. 38836 affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and BROWN, JJ., concur.