214

Lucas County Board of Commissioners, Appellant, *v.*
City of Toledo, Appellee.

[Cite as Lucas County Commrs. v. Toledo (1971),
28 Ohio St. 2d 214.]

(No. 71-352—Decided December 29, 1971.)

*Messrs. Cruey, Kelb, Duffey & Hewes* and *Mr. George
R. Hewes,* for appellant.
*Mr. Louis J. Young,* director of law, and *Mr. John O.
Celusta,* for appellee.

*Per Curiam.* The question presented by this case is whether R. C. 5739.23(H) was, in effect, repealed by the enactment of R. C. 5739.23(I).

R. C. 5739.23(H) provides that:

"The relative need of each subdivision shall be multiplied by the relative need factor to determine the proportionate share of the subdivision in the undivided local government fund of the county, provided that the maximum proportionate share of a county shall not exceed the following maximum percentages of the total estimate of the undivided local government fund governed by the relationship of the percentage of the population of the county that resides within municipal corporations within the county to the total population of the county as reported in the reports on population in Ohio by the Department of Development as of the twentieth day of July of the year in which the tax budget is filed with the budget commission:

| "Percentage of municipal population within the county | Percentage share of the county shall not exceed: |
|---|---|
| Less than | |
| Forty-one per cent | Sixty per cent |
| Forty-one per cent or more but less than Eighty-one per cent | Fifty per cent |
| Eighty-one per cent or more | Thirty per cent |

"Provided, that where the proportionate share of the county exceeds the limitations established in this division, the budget commission shall adjust the proportionate shares determined pursuant to this division so that the proportionate share of the county does not exceed these limitations, and shall increase the proportionate shares of all other subdivisions on a pro rata basis. In counties having a population of less than one hundred thousand, not less than

ten per cent shall be distributed to the townships therein."

R. C. 5739.23(I) provides that:

"The proportionate share of each subdivision in the undivided local government fund determined pursuant to division (H) of this section for any calendar year shall not be less than the product of the average of the percentages of the undivided local government fund of the county as apportioned to that subdivision for the calendar years 1968, 1969, and 1970, inclusive, multiplied by the total amount of the undivided local government fund of the county apportioned pursuant to Section 5739.23 of the Revised Code for the calendar year 1970. For the purposes of this division, the total apportioned amount for the calendar year 1970 shall be the amount actually allocated to the county in 1970 from the state collected intangible tax as levied by Section 5707.03 of the Revised Code and distributed pursuant to Section 5725.24 of the Revised Code, plus the amount to be received by the county in the calendar year 1970 pursuant to division (B)(1) of Section 5739.21 of the Revised Code, and distributed pursuant to Section 5739.22 of the Revised Code. If the total amount of the undivided local government fund for any calendar year is less than the amount of the undivided local government fund apportioned pursuant to Section 5739.23 of the Revised Code for the calendar year 1970, the minimum amount guaranteed to each subdivision for that calendar year pursuant to this division shall be reduced on a pro rata basis proportionate to the amount by which the amount of the undivided local government fund for that calendar year is less than the amount of the undivided local government fund apportioned for the calendar year 1970."

In essence, division (I) provides a floor and division (H) a ceiling for possible subdivision receipts from the distribution of the undivided local government fund. From the wording of the two sections, however, there is no doubt that a situation could arise wherein it appears that a county would be entitled to more under (I) than (H) allows. Such a situation is presented by this case. If (H) is to remain

intact, the amounts allocated under the formula in (I) could not exceed the percentages provided by the formula expressed in (H).

Appellant argues that if (I) is given its proper effect, it repeals (H) by implication. We cannot agree. As we have said many times, repeals by implication are not favored and will not be found unless the provisions of the purported repealing act are so totally inconsistent and irreconcilable with the existing enactment as to nullify it. *O'Neil* v. *Bd. of County Commrs.* (1965), 3 Ohio St. 2d 53, 57, 209 N. E. 2d 393; *Humphrys* v. *Winous Co.* (1956), 165 Ohio St. 45, 133 N. E. 2d 780; *State, ex rel. Columbus,* v. *Indus. Comm.* (1952), 158 Ohio St. 240, 243, 108 N. E. 2d 317; *In Re Estate of Friedman* (1950), 154 Ohio St. 1, 10, 93 N. E. 2d 273; *State, ex rel. Shaffer,* v. *Defenbacher* (1947), 148 Ohio St. 465, 467, 76 N. E. 2d 704; *Henrich* v. *Hoffman* (1947), 148 Ohio St. 23, 72 N. E. 2d 458; *Leach* v. *Collins* (1931), 123 Ohio St. 530, 176 N. E. 77.

It does not appear that (I) is necessarily irreconcilable with (H). (I) employs the words "*determined* pursuant to division (H) of this section." (Emphasis added.) The word "determined" in (I) would appear to have the same meaning as the word "determine" in (H). The word "determine" in (H) has reference primarily to the method of computation of the "proportionate shares" of subdivisions generally, and not to the language in the latter part of (H) establishing a ceiling as to a county's share where the percentage of municipal population within the county exceeds certain percentages.

In the instant case, the board complied with division (I) in that the proportionate share allocated to each participating subdivision, except the county, was not less than the product of the average percentage for the three previous years. In calculating the county's share, the board first considered the limitations of division (H) and rightfully concluded that its share could not exceed 30%. Such ceiling was applied to the proportionate amount figured for the county under (I) and that amount was accordingly

reduced. The county is a "subdivision," but it is the only one which is given a maximum limitation by statute.

We see nothing unreasonable or unlawful in maintaining that limitation in light of the ever decreasing role that county governments play in counties where the municipal populations and territories are constantly expanding. Division (I) is not so totally inconsistent and irreconcilable with division (H) as to nullify it.

The decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, VICTOR, CORRIGAN, STERN and LEACH, JJ., concur.

VICTOR, J., of the Ninth Appellate District, sitting for DUNCAN, J. JUDGE VICTOR of the Court of Appeals was, pursuant to Section 2 of Article IV of the Constitution of Ohio, duly directed by the Chief Justice "to sit with the justices of the Supreme Court in the place and stead of" JUSTICE DUNCAN and JUDGE VICTOR did so and heard and considered this cause prior to the resignation of JUSTICE DUNCAN on November 28, 1971.