CITY OF CANTON, APPELLEE, *v.* STARK COUNTY BUDGET COMMISSION; STARK COUNTY BOARD OF COMMISSIONERS, APPELLANT.

[Cite as Canton *v.* Stark Cty. Budget Comm. (1988), 40 Ohio St. 3d 250.]

(Nos. 87-133 and 87-134—Submitted November 15, 1988— Decided December 30, 1988.)

*Richard A. Horning,* for appellee.

*Vorys, Sater, Seymour & Pease, Raymond D. Anderson, Matthew J. Barrett, Aaron P. Rosenfeld*; and *Jacob F. Hess, Jr.,* for appellant.

*Per Curiam.* In the budget years in question, R.C. 5113.02 provided that the county would operate a welfare program and that the cities would reimburse the county for such programs in an amount based upon the formula set forth in R.C. 5113.02, which provided:

"In each county the county department of welfare shall exercise the powers and duties assigned to the local relief authority or the local relief director * * * and shall furnish poor relief to all persons who are eligible for such relief under this chapter.

"If in any calendar year prior to 1987, the county appropriation required pursuant to Chapters 5107. and 5113. of the Revised Code is greater than the county government's share of expenditures in 1964 pursuant to those chapters, * * * the county budget commission shall, at the request of the county commissioners, apportion to the county from the undivided local government fund an amount, over and above the amount determined to be apportioned to the county by the county budget commission pursuant to section 5747.51 or 5747.53 of the Revised Code. In calendar year 1984, the amount shall be equal to seventy-five percent of the difference between the required county appropriation for 1966 and the county government's share of expenditures for 1964 but not in excess of the average annual contribution by cities within the county for poor relief pursuant to Chapter 5113. of the Revised Code during the period 1962 to 1964 other than the city share of utility taxes distributed under former sections 5727.46 and 5727.82 of the Revised Code, and amounts contributed by the city under a plan for liquidating deficits for years prior to 1962. In calendar year 1985, the amount shall be equal to fifty percent of such adjusted difference * * *. The budget commission shall reduce the apportionment to such city or cities by a like amount." See 140 Ohio Laws, Part II, 3125-3126.

In the instant cases, the BTA found that the total 1964 expenditure by the county for poor relief (including aid to dependent children) was $200,000 and that the total 1966 appropriation was $174,662. Applying the formula in R.C. 5113.02 yielded a minus $25,338, effectively a zero difference. There being a zero difference, the BTA ruled that Stark County was not entitled to an appropriation in 1984 or 1985.

The board of commissioners does not contest the BTA's interpretation of R.C. 5113.02. It argues that the BTA acted prematurely in reallocating to Canton the amounts of $312,689.28 for 1984 and $208,459.50 for 1985, since the total allocation among all appealing subdivisions had not yet been determined. Relying upon R.C. 5747.55(E), which provides that the amount to be allocated by the BTA "is the total allocated by the budget commission to those subdivisions which are appellant and appellees * * *" before the BTA, the board of commissioners argues that any reallocation must take into account *all* the parties to appeals from the original allocation. According to the board of commissioners, therefore, the BTA should have consolidated all the appeals from the Stark County Budget Commission's allocation for each year so that a proper reallocation could be made taking all parties into account.

The local government fund allocation is made under R.C. 5747.51 or 5747.53. By contrast, poor relief reimbursements are provided by R.C. 5113.02 and are adjustments to the individual allocations in which the city's share is reduced by the amount, if any, that the county is reimbursed. The total amount to be allocated among the various subdivisions is unaffected by

any adjustments to individual shares required by R.C. 5113.02. We agree with the ruling in *East Cleveland* v. *Cuyahoga Cty. Bd. of Commrs.* (1972), 31 Ohio App. 2d 213, 224, 60 O.O. 2d 331, 338, 287 N.E. 2d 807, 814, in which the Court of Appeals for Franklin County stated that the amounts calculated to reimburse the county for poor relief stand on their own and may affect the shares of individual subdivisions only after the allocation of the local government fund has been determined. As observed in *East Cleveland,* the reimbursement amount should not be added to the county's relative need calculations and deducted from the city's prior to applying the allocation formula because the result would be a double reimbursement to the county. Allocations from the undivided local government fund are calculated entirely independently of the amount by which the county is to be reimbursed for poor relief. The reimbursement affects the final allocation only to the ex-tent that it increases the share already allocated to the county and reduces the city's share by a like amount.

In the instant cases, there will not be any effect on the allocations since Stark County was not entitled to a reimbursement for either 1984 or 1985. Furthermore, the statutory mechanism affording appeals from budget commission actions such as poor relief reimbursement does not require consolidation with appeals from local government fund allocations for the same year, even though they may be so consolidated. See R.C. 5705.37.

Accordingly, the decisions of the BTA are affirmed.

*Decisions affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, WRIGHT and H. BROWN, JJ., concur.

DOUGLAS, J., concurs in judgment only.