CITY OF CINCINNATI, APPELLANT, *v.* WELTY, APPELLEE.
CITY OF CINCINNATI, APPELLANT, *v.* COYNE, APPELLEE.
(Two Cases.)

(Nos. 80-228, 80-229 and 80-230—
Decided November 26, 1980.)

*Mr. Richard A. Castellini,* city solicitor, *Mr. Paul J.*

*Gorman,* city prosecutor, and *Mr. Frank H. Prouty, Jr.,* for appellant.

    *Mr. Andrew B. Dennison,* for appellees.

    *Per Curiam.* C.M.C. 503-31 provides:

    "No person shall operate any vehicle unless it has tires of rubber or of some equally resilient material, except in the following cases:

    "(a) Vehicles drawn by animal power;

    "(b) Road rollers, concrete mixers, platform trucks, traction engines being transported beyond the limits of the city, and other similar devices, which may have smooth metalic tires, without cleats, lugs, spikes, projections or sharp or uneven parts likely to cause damage to the surface of the roadway."

    The only issue presented is whether C.M.C. 503-31 bears a real and substantial relation to a proper subject of municipal police power under Section 3, Article XVIII of the Ohio Constitution.* See *Cleveland* v. *Raffa* (1968), 13 Ohio St. 2d 112, 116; *Cleveland* v. *Correll* (1943), 141 Ohio St. 535, paragraph one of the syllabus. The parties agree that the purpose of C.M.C. 503-31 is to preserve street surfaces, which is a proper subject of municipal power. See, *e.g., Union Sand & Supply Corp.* v. *Fairport* (1961), 172 Ohio St. 387.

    Appellees' argument in the courts below and before this court is that C.M.C. 503-31 lacks a real and substantial relation to its avowed purpose because it requires vehicles to be equipped with "tires of rubber or of some equally resilient material," and thus outlaws other methods of traction that may not necessarily damage street surfaces. As the party challenging an enactment's constitutionality, appellees must of course overcome a strong presumption of constitutionality, and also show by clear and convincing evidence that C.M.C. 503-31 lacks the requisite nexus to its avowed purpose. *State* v. *Renalist, Inc.* (1978), 56 Ohio St. 2d 276, 278-279, and cases cited therein.

---

    * Section 3, Article XVIII of the Ohio Constitution states:

    "Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

The Court of Appeals ruled that appellees sustained this burden by introducing unrebutted expert testimony that the method of traction employed by appellees' vehicles "caused no more street damage than a conventional car or truck."

We disagree. Appellees' burden was not merely to demonstrate that the enactment had or could possibly have an unfortunate application; rather, it was to show by clear and convincing evidence that C.M.C. 503-31 lacks a real and substantial relation to the preservation of street surfaces. The record and C.M.C. 503-31 are simply devoid of a basis from which the Court of Appeals could have concluded that appellees made this rather substantial showing. Absent such a showing, we are reticent to substitute our judgment for that of a competent legislative body in connection with a subject obviously within its domain.

The judgments of the Court of Appeals are reversed.

*Judgments reversed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES and Dowd, JJ., concur.

PAUL W. BROWN, J., dissenting. I would affirm the Court of Appeals for the reasons stated in its opinion.