OGLESBY et al., Appellants,

v.

CITY OF TOLEDO, Appellee.■

[Cite as *Oglesby v. Toledo* (1993), 92 Ohio App.3d 432.]

Court of Appeals of Ohio,
Lucas County.

Nos. L–93–117, L–93–078, L–93–111 and L–93–214.

Decided Dec. 10, 1993.

*Keith A. Wilkowski,* Director of Law, and *Lourdes Santiago,* Assistant Director of Law, for city of Toledo.

*Jerome Phillips,* for Song Cha Oglesby.

*Sheldon S. Wittenberg,* for H. Klieman, S. Kim, Kwi Cha Cook, OK Sun Bean, d.b.a. Chang Mi Sauna, Myong Sun Caga, d.b.a. Fuji Health Spa, and Shawntain Kim.

---

SHERCK, Judge.

These are consolidated appeals from the judgments of the Lucas County Court of Common Pleas which affirmed administrative decisions to revoke or deny licenses to massage technicians and massage establishment operators. Because we find the provision of an ordinance denying a license to operate a massage establishment solely because others have previously engaged in prostitution at the physical location of the proposed establishment is not reasonably related to the legitimate goals of the ordinance, we reverse in part. Because we find other provisions of the ordinance are reasonably related to the goals of protecting the health, welfare and morals of the community, we affirm in part.

The city of Toledo licenses and regulates both the operation of massage establishments and the conduct of massage technicians. Toledo Municipal Code Chapter 1735 governs the issuance, suspension and revocation of licenses for massage establishments and technicians.

Appellant OK Sun Bean was licensed to operate a massage establishment known as the "Chang Mi Sauna" on Byrne Road in Toledo. Three other appellants, S. Kim, Kwi Cha Cook and H. Klieman, were licensed as massage technicians at that establishment.

Following an undercover police operation, the Toledo Police Department notified the licensing agency, the Toledo Finance Department, that Kim, Cook and Klieman were engaging in prostitution. The police department notified the licensing department that OK Sun Bean was operating a massage establishment where employees were engaging in prostitution and violating other health rules governing massage establishments. The finance department responded by suspending the technician licenses of Kim, Cook and Klieman, and the operator's license of Bean.

Pursuant to Toledo Municipal Code Chapter 1735, the Toledo Massage Board convened a hearing to consider the permanent revocation of appellants' licenses. The board revoked the licenses and appellants then appealed to the Lucas County Court of Common Pleas, as allowed by R.C. Chapter 2506. The common pleas court affirmed the decision of the board. Bean, Kim, Cook and Klieman then timely filed this appeal.

Appellant Shawntain Kim applied for a license to operate a massage establishment at the Byrne Road location previously used by OK Sun Bean. Appellant's application was denied because the Byrne Road location had a history of "conduct involving prostitution." The denial of Shawntain Kim's application was affirmed by the Lucas County Court of Common Pleas. This appeal was then taken by Shawntain Kim following the decision of the common pleas court.

In November 1991, appellee Myong Sun Caga was issued a license to operate the Fuji Health Spa, located on Ryan Road in Toledo. On April 16, 1992, while Caga was the license holder of the establishment, an undercover police officer visited the business where he received an offer from an employee to engage in sex for money. The officer also observed several violations of the health code governing massage establishments. Appellant Caga was not present at the time. Nevertheless, her operator's license was suspended and subsequently revoked. The Lucas County Court of Common Pleas reversed that decision, finding that the board had not complied with internal regulations. Specifically, Caga was not given the opportunity to correct the infractions. As a result of the decision by the common pleas court, the city of Toledo now appeals that judgment.

In May 1992, appellant Song Cha Oglesby applied for a license to operate a massage establishment at the location on Ryan Road which was previously the site of the Fuji Health Spa operated by appellant Caga. Her application was denied because the proposed location of the establishment had previously been the site of acts of prostitution by others, unrelated to Oglesby. Oglesby appealed the denial of her application for a license, but the Lucas County Court of Common Pleas affirmed. This appeal followed.

## I

Appellants Klieman, S. Kim, Cook, and Bean (the "Byrne Road appellants") set forth the following assignment of error:

"The trial court erred in finding the decision of the Toledo Massage Board to be based on reliable, probative and substantial evidence."

Although the formal assignment of error is couched in terms of evidentiary support for the decision of the common pleas court, the Byrne Road appellants clearly attack the constitutionality of the ordinance as well as the evidentiary basis for the license revocation.

In their first argument, the Byrne Road appellants contend that they were denied procedural due process because the city failed to follow its own regulations and provide appellants with the opportunity to correct defects prior to

revocation of their licenses.[1] Our review of the record reveals that these appellants never raised this issue in the administrative proceeding or in the court of common pleas. Accordingly, we will not now review the issue in the first instance. See *State v. Williams* (1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364.

The Byrne Road appellants also contend that the Toledo ordinance is unconstitutional because it allows for warrantless searches and seizures. Again, this issue was not raised in the common pleas court. Furthermore, when the Byrne Road establishment was raided, the officers had a warrant. Accordingly, we will not review this issue raised in support of their sole assignment of error.

In addition, the Byrne Road appellants argue that the record does not include substantial evidence of facts allowing for the revocation of their licenses since the only evidence presented was hearsay evidence in the form of police reports. They assert that the record fails to show that any appellant has yet been convicted of criminal wrongdoing. Further, they point out that the only officer who testified before the board had no personal knowledge of any wrongdoing by any of the appellants.

Nevertheless, the witness who did testify presented copies of reports by other officers, and the parties had stipulated to the authenticity of the reports, but not to their veracity. The Rules of Evidence do not apply to administrative proceedings. *Citizens to Protect the Environment, Inc. v. Universal Disposal, Inc.* (1988), 56 Ohio App.3d 45, 48–49, 564 N.E.2d 722, 726–727. As to the need for a criminal conviction, the ordinance itself describes the circumstances under which a license may be revoked. In this case, the ordinance details conduct, not convictions, as the grounds for revocation. Appellants' arguments relating to the sufficiency of the evidence are, therefore, without merit.

We move then, to the principal issue of the case. The Byrne Road appellants primarily contend that the ordinance is unconstitutional in that it is contrary to their substantive rights afforded by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

The Due Process Clause places restrictions on the exercise of a state's police powers. Primarily, the ordinance must be reasonable; it must bear a real and substantial relationship to a legitimate government goal. *W. Coast Hotel Co. v. Parrish* (1937), 300 U.S. 379, 57 S.Ct. 578, 81 L.Ed. 703. An ordinance that

---

1. The Byrne Road appellants also raise procedural due process arguments arising from the manner in which their licenses were suspended, rather than revoked. These issues were rendered moot by the subsequent revocation of the licenses. If this court found error in the procedure for suspension, no relief would be available in this procedural context.

bears no substantial relationship to legitimate governmental goals will be declared unconstitutional as contrary to the Due Process Clause.

Toledo Municipal Code Chapter 1735 provides for revocation of a massage technician's license, or operator's license, where "it is determined that either the establishment, operator, and/or technician is engaged in any activity or conduct involving prostitution and/or drugs." Appellants concede that the city has the power to take steps to prevent prostitution in order to protect the health, safety and morals of the community. The only real issue is whether the regulatory means employed in this case are reasonably related to those ends.[2]

Appellants rely on *Pentco v. Moody* (S.D.Ohio 1978), 474 F.Supp. 1001, as persuasive authority for the proposition that Toledo Municipal Code Chapter 1735 is unreasonable. In *Pentco,* the United States District Court held a Columbus ordinance to be unconstitutional because the ordinance allowed denial of a license to operate a massage establishment if the manager or any person closely associated with the management had previously been convicted of any two felonies or any "sex offense" within five years. As the court noted, the term "sex offense" was undefined and could include offenses wholly unrelated to the governmental goals of preventing prostitution. Likewise, the court reasoned that the conviction of any two felonies, regardless of their nature, does not necessarily affect one's ability to operate a law-abiding massage establishment.

Toledo Municipal Code Chapter 1735, in contrast to the Columbus ordinance, is specifically limited to conduct involving prostitution. The Columbus ordinance at issue in *Pentco* addressed with a blunderbuss the problem of unlawful prostitution. Toledo legislated a more focused response. While it may be theoretically possible to apply the Toledo ordinance in an unreasonable fashion, no issue in this case has been raised regarding the potential for improper application of the ordinance.

■ Appellants also rely on *Pentco* for the proposition that a criminal conviction is a constitutional prerequisite to denial of a massage license. However, nothing in *Pentco* supports that proposition. *Pentco* merely holds, as we do, that the criteria for licensure must be reasonably related to the purposes of the regulation.

■ Appellant Bean, again relying on *Pentco,* argues that it is unreasonable to allow for revocation of her operator's license merely because other people

---

**2.** There are other constitutional restrictions on licensing schemes. An ordinance may be challenged, for instance, as unconstitutionally vague. See *Hoffman Estates v. Flipside, Hoffman Estates* (1981), 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362. If the ordinance does not reach a substantial amount of constitutionally protected conduct, then the claim may be made that the law is vague as applied. *Id.* Neither issue is raised in this case.

engaged in conduct involving prostitution. This reliance is misplaced. The court in *Pentco* found the licensing scheme unreasonable because it allowed denial of a license for any violation of *any* statute or ordinance, including building code violations, regardless of fault or the relationship between the violation and the purposes of the licensing ordinance. We find, in contrast, that the instant ordinance is reasonably related to preventing prostitution and safeguarding the health of patrons. As applied by the massage board, the ordinance would require a licensed operator to operate the establishment in such a fashion as to prevent others from engaging in conduct relating to prostitution. This ordinance is no different from a health ordinance that requires a restaurant licensee to maintain standards of cleanliness. Such an ordinance would not allow the restaurateur to avoid responsibility by merely being ignorant of the violations. Similarly, appellant Bean cannot avoid her responsibilities as a massage establishment operator by merely choosing not to be present at the scene.

We find that the provisions of Toledo Municipal Code Chapter 1735 which allow for revocation of a massage technician or operator's license for conduct involving prostitution are reasonably related to the legitimate purposes behind the ordinance. We also find that the more specific regulations which appellants violated, *i.e.*, failure to remain fully clothed, failure to display a license, fondling of the genitals of the patron and failure to require the patron's "private parts" to remain covered, to be reasonably sound provisions that are not violative of appellants' due process rights as contained in the Fourteenth Amendment to the United States Constitution.

Finally, the Byrne Road appellants argue that other portions of the ordinance are unconstitutional. Specifically, appellants point to that clause which calls for denial or revocation of a license if the "establishment" has a history of conduct involving prostitution. While we address the issue below, and essentially agree with the argument, no relief is available to these appellants. Toledo Municipal Code 101.08 provides for the general severability of Toledo ordinances in wording similar to that contained in R.C. 1.50. Therefore, even if some portion of the ordinance is invalid, appellants may obtain relief only if the portion of the ordinance affecting their case is declared invalid. The only clauses affecting the Byrne Road appellants are sections of the ordinance which involve valid exercise of the city's police power. Accordingly, the sole assignment of error offered by appellants Klieman, S. Kim, Cook and Bean is not well taken.

## II

Appellant Shawntain Kim has appealed to this court offering an assignment of error identical to that presented by appellants Bean et al. The arguments presented differ, however, from those discussed above because Shawntain Kim

was denied a license to operate the massage establishment at the Byrne Road location, rather than having her license revoked.

In Shawntain Kim's case, the evidence before the massage board did not include any evidence that she had ever engaged in prostitution, that she had ever sanctioned prostitution or that she had ever failed in a duty to prevent prostitution. There were but two types of evidence before the board. First, there was some ambiguous evidence that Shawntain Kim may have paid a deposit for the purchase of the Chang Mi Sauna on Byrne Road shortly before the alleged acts of prostitution took place. Second, there was the evidence that other persons with no relationship to Shawntain Kim had previously engaged in prostitution at the Byrne Road location.

The board found that Shawntain Kim had engaged in conduct involving prostitution. It is possible that the board construed the ordinance in such a way that contracting to purchase an ongoing business amounts to "conduct involving prostitution" even if the prospective purchaser has no vested ownership rights, no management rights and no power to prevent prostitution. If that is the case, the administrative construction would be unreasonable, arbitrary, and wholly unrelated to the legitimate goals of the ordinance. Indeed, it would prevent a law-abiding citizen from purchasing an ongoing massage establishment with the intent of stamping out prostitution.

The other possibility is that the board found that appellant Shawntain Kim had personally engaged in conduct involving prostitution. If that were so, then we would have to conclude that there was no evidence to support the board's determination. Applying either scenario, we would have to reverse based on the determination that there is no evidence that appellant Shawntain Kim had engaged in conduct involving prostitution.

The board, however, gave the following alternate reason for denial of the license: that "the establishment" or employees of the establishment had engaged in conduct involving prostitution. It is apparent from the transcript of proceedings that the administrative construction of "establishment" amounts to "location." As counsel conceded at oral argument, it is appellee's position that once a physical location is used for prostitution, then the city may for all time deny to any person, no matter how law abiding, a license to operate a massage establishment at that location.

■ Construing the ordinance in such fashion is, however, irrational and not reasonably related to the legitimate goals of the city of Toledo. Locations do not engage in "conduct." Locations do not commit acts of prostitution. Only people engage in conduct involving prostitution; therefore, the ordinance must be limited to regulating the conduct of people.

The administrative construction has the effect of allowing the board to create a permanent, unrecorded restriction on the use of property by law-abiding citizens merely because of the acts of another. The board's construction, in effect, allows the board to engage in piecemeal zoning prohibited by R.C. 713.06. To the extent, then, that Toledo Municipal Code Chapter 1735 allows the board to deny a license to an otherwise qualified applicant, solely on the basis that other people have previously engaged in prostitution at the location, such enactment is constitutionally wanting, invalid and unenforceable under the Fourteenth Amendment to the United States Constitution.

Appellant Shawntain Kim also takes issue with the provision allowing for warrantless inspections. Because appellant has not been subject to any warrantless search, has presented no evidence tending to show a realistic threat of warrantless searches, and the provision at issue was not the subject of any decision by the common pleas court, we find the issue is not ripe for review.

Although we decline to review the ordinance as it pertains to warrantless inspections and searches, we find appellant Shawntain Kim's sole assignment of error otherwise well taken.

### III

Myong Sun Caga comes to this court as appellee rather than as appellant. The Toledo Massage Board affirmed the revocation of her license to operate the Fuji Health Spa on Ryan Road, but the Lucas County Court of Common Pleas reversed, finding that the board had not complied with its internal regulations which require that a licensee be given an opportunity to cure any defects as a prerequisite to revocation of a license.

Although Caga is not the appellant in this case, she offers several arguments in support of her "assignment of error," apparently in an effort to defend the judgment of the trial court on grounds other than those relied upon by the common pleas court. Such efforts are allowed by App.R. 3(C)(2). However, the arguments and assignment of error of appellee Caga duplicate those of appellants Klieman, S. Kim, Cook and Bean. For the reasons stated in Part I of this opinion, the "assignment of error" offered by appellee Caga is not well taken.

Appellant, city of Toledo, offers one assignment of error:

"The lower court erred in holding that Section 7 of Regulation No. 2–78 found in Appendix L of the Toledo Municipal Code was still in effect and controlled the suspension/revocation process, rather than Toledo Municipal Code Sections 1735.-10(E) and 1735.10(F)."

■ The court of common pleas held that appellee Caga was denied procedural due process when her license was revoked without the opportunity to cure any violations. The court relied on Regulation 2–78, Section 7, of the Toledo District Board of Health requiring that such an opportunity be given to a licensee prior to any suspension or revocation of a massage license. Appellant contends that the trial court erred in applying the regulation because the enabling legislation, Ordinance 770–78, has been expressly repealed, and the district board of health has been dissolved. However, appellant's support for that assertion is not included in the record on appeal and we may not consider it. That is not to say, however, that we must conclude that Regulation 2–78 remains in effect. Quite the contrary.

Toledo Municipal Code Chapter 1735 was enacted in 1987, several years after health Regulation 2–78 was enacted. Chapter 1735 provides for no opportunity to cure violations. Indeed, the ordinance provides that a massage operator's license "shall be suspended immediately" upon the discovery of conduct involving prostitution. It further provides that revocation "shall" follow if the allegations of misconduct are borne out at a hearing. Clearly, the later ordinance irreconcilably conflicts with the earlier regulation. In the case of such irreconcilable conflict, the later enactment is said to repeal the earlier enactment by implication. *Lucas Cty. Bd. of Commrs. v. Toledo* (1971), 28 Ohio St.2d 214, 217, 57 O.O.2d 440, 442, 277 N.E.2d 193, 194. Furthermore, any question as to whether the Toledo City Council intended to continue the operation of Regulation 2–78, Section 7, is put to rest by Toledo Municipal Code 1735.16. That section, unchanged by the 1987 ordinance, provides that "in the event of conflict between any provisions of this chapter and any rules and regulations adopted pursuant to its provisions * * * the more restrictive provision or provisions shall apply."

We conclude, then, that even if Regulation 2–78 has not been expressly repealed, it is nevertheless of no effect due to repeal by implication, or by application of the general rule that ordinances prevail over municipal regulations just as constitutions prevail over statutes. See *Marbury v. Madison* (1803), 5 U.S. (1 Cranch) 137, 2 L.Ed. 60; *State ex rel. Pell v. Westlake* (1980), 64 Ohio St.2d 360, 18 O.O.3d 514, 415 N.E.2d 289.

■ Without the benefit of Regulation 2–78, appellee was entitled to notice and the opportunity to be heard. See *Link v. Wabash RR. Co.* (1962), 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734. The record reveals that appellee was provided notice of the allegations and the hearing. Additionally, she was represented by counsel and allowed every opportunity to refute the allegations. Accordingly, appellant city of Toledo's sole assignment of error is well taken.

The common pleas court did not pass on the other issues raised by appellee Caga in her appeal to that court. Those issues are similar to those discussed in

Part I of this opinion. Accordingly, we will sever the appeal involving appellee Caga from the other consolidated appeals, and remand Caga's case to the Lucas County Court of Common Pleas for consideration of the remaining issues raised in Caga's appeal to that court.

## IV

The final appellant is Song Cha Oglesby. Her application for a license to operate a massage establishment at the Ryan Road location was denied on the grounds that the location had a history of conduct involving prostitution. For the reasons stated in Part II of this opinion, we reverse the judgment of the common pleas court.

Upon consideration whereof, the court makes the following disposition. The case of *Caga v. City of Toledo* (No. L–93–111) is severed from these consolidated appeals. The judgment of the court of common pleas in that case is reversed, and the case is remanded to the Lucas County Court of Common Pleas for further proceedings not inconsistent with this opinion. The judgment in the case of Klieman, S. Kim, Cook and Bean (No. L–93–078) is affirmed. The judgments in the cases of *Oglesby v. City of Toledo* (No. L–93–117) and *Shawntain Kim v. City of Toledo* (No. L–93–214) are reversed. Court costs are assessed equally against the city of Toledo, Klieman, S. Kim, Cook and Bean.

*Judgments affirmed in part*
*and reversed in part.*

HANDWORK and MELVIN L. RESNICK, JJ., concur.