**In re EASTWAY.**

[Cite as *In re Eastway* (1994), 95 Ohio App.3d 516.]

Court of Appeals of Ohio,
Franklin County.

No. 93AP–487.

Decided June 9, 1994.

*Bodiker & Holland* and *David H. Bodiker,* for appellant.

*Lee Fisher,* Attorney General, and *Anne C. Berry,* Assistant Attorney General, for appellee.

WHITESIDE, Presiding Judge.

Appellant, Robert J. Eastway, Jr., D.O., appeals from a judgment of the Franklin County Court of Common Pleas affirming a decision of the State Medical Board of Ohio suspending appellant's certificate to practice medicine. Appellant presents the following five assignments of error:

"1.  The sanctions imposed by the State Medical Board against the appellant, Dr. Robert Eastway, simply ignored the only evidence in the case, were not based upon any of the charges brought against the respondent and transcended the authority of the board to act in the specific instance."

"2.  The hearing officer, and later the medical board, derived great significance from the circumstances surrounding Dr. Eastway's participation in the program for treatment in lieu of conviction under R.C. 2951.041, both as substantive evidence of a drug dependency and as evidence impeaching and contradicting his testimony at trial, which conclusions were not only factually inaccurate, but legally improper, and the use of such inferences, particularly as justification for the imposition of maximum punishment, totally invalidates the determination of that board and requires the reversal of [its] order."

"3.  The authority provided by R.C. 119.12 to determine whether an order of the Medical Board of Ohio is supported by reliable, probative, and substantial evidence, includes the authority to determine if the penalty imposed as a result of such order is also so supported, and when there exist legally significant reasons for discrediting evidence relied upon by the administrative body and necessary to its determination, or when such determination rests upon inferences improperly drawn from the evidence, a court may reverse, vacate, or modify the administrative order in whole or in part."

"4.  There is no evidence of actual fraud committed by appellant and the Medical Board in its order, now affirmed by the Court of Common Pleas, has committed prejudicial error in such determination."

"5.  Where an administrative determination rests upon inferences improperly drawn from evidence adduced at hearing, or from improper evidence or from the absence of evidence where no such evidence was required, the resulting order is invalid and must be reversed."

The State Medical Board notified appellant by letter dated June 12, 1991, that it intended to determine whether or not to limit, revoke, suspend, refuse to register or reinstate his certificate to practice osteopathic medicine and surgery due to allegations that his conduct violated the following provisions of R.C. 4731.22(B):

"(2) Failure to use reasonable care discrimination in the administration of drugs, or failure to employ acceptable scientific methods in the selection of drugs or other modalities for treatment of disease;

" * * *

"(6) A departure from, or the failure to conform to, minimal standards of care of similar practitioners under the same or similar circumstances, whether or not actual injury to a patient is established;

" * * *

"(8) The obtaining of, or attempting to obtain, money or anything of value by fraudulent misrepresentations in the course of practice;

" * * *

"(10) Commission of an act that constitutes a felony in this state regardless of the jurisdiction in which the act was committed;

" * * *

"(20) * * * [V]iolating or attempting to violate, directly or indirectly, or assisting in or abetting the violation of, or conspiring to violate, any provisions of this chapter or any rule promulgated by the board[.]"

As to the violation of R.C. 4731.22(B)(20), the board specified the following Ohio Administrative Code provisions: Ohio Adm.Code 4731–11–02(D) and 4731–11–02(F). The board's letter notified appellant of his right to have a hearing on the charges and his right to representation by counsel.

On June 12, 1991, appellant requested a hearing on the charges pursuant to R.C. Chapter 119. A hearing was held before a board-appointed hearing examiner. Appellant stipulated to the facts giving rise to the board's charges. He stipulated that he did, in fact, prescribe controlled substances on three separate occasions in the names of employees who were not bona fide patients for his personal use. Furthermore, appellant stipulated that he prescribed controlled substances for five patients and failed to maintain records regarding those prescriptions. Appellant also stipulated to the state's exhibits, which revealed he had been indicted by the Franklin County Grand Jury on nine counts of illegal processing of drug documents. The state's exhibits indicate the criminal proceedings were stayed as appellant was found eligible for treatment in lieu of conviction pursuant to R.C. 2951.041.

Appellant presented evidence in mitigation of his behavior. His own testimony and that of Dr. Ransom Williams indicated that, prior to hearing, he had a drug problem but he independently recognized the problem and took steps to correct it. Testimony indicated that he successfully completed a drug recovery program, that he was drug free, that he was not a danger to his patients and that he

regularly participated in a recovery group based on Alcoholics Anonymous, the Oak Leaf Cluster. Appellant also testified that he had alleviated the personal and professional problems which gave rise to his previous substance abuse.

On December 19, 1991, appellant was notified by the board of the hearing examiner's report and recommendation. The hearing examiner, after expressly finding appellant's drug dependence and subsequent treatment did not mitigate his illegal acts, recommended the board revoke appellant's certificate to practice osteopathic medicine and surgery in the state of Ohio. Appellant filed objections to the report and recommendation of the hearing examiner, and the matter was heard by the board on March 11, 1992.

The board reviewed the objections and the record but did not impose the penalty recommended by the referee. Instead, the board revoked appellant's certificate but "stayed" such revocation and suspended appellant's certificate for an indefinite period of time, but not less than one year. The board also imposed conditions for reinstatement of appellant's certificate, which include submission of a new application, payment of appropriate fees, demonstration that appellant can resume his practice in compliance with acceptable and prevailing standards, examination on the content of the DEA Physician's Manual participation in psychiatric counseling sessions, and documentation of and participation in drug and alcohol rehabilitation programs. Following completion of the above-stated conditions, appellant's certificate will be conditionally reinstated subject to a two-year period of probation with practice limitations and other terms, which include participation in psychiatric counseling, drug and alcohol rehabilitation programs and drug testing. Once the probationary period is completed, appellant's certificate is to be fully restored.

Appellant appealed the board's decision to the Franklin County Court of Common Pleas. The common pleas court affirmed the order of the board, stating, in part:

"The key issue in this case appears to be the propriety of the punishment imposed by the Board. Appellant argues that many of the probation conditions imposed are unnecessary as the doctor had voluntarily (and commendably) sought care and changed his lifestyle prior to the initiation of proceedings against him. The Court sees little social utility in an administratively imposed solution to a problem that may already be moot. However, this Court has no legal authority to act as a 'Parole Board' which acts to modify a properly imposed penalty through the exercise of leniency. * * *" (Decision, Feb. 8, 1993.)

Appellant filed a timely appeal from the common pleas court's decision.

■ Appellant's first and third assignments of error allege that the sanctions imposed by the board are not supported by reliable, probative and substantial

evidence, and that the common pleas court was in error when it held it lacked authority to review the sanctions involved.

The State Medical Board is authorized to discipline medical professionals pursuant to R.C. 4731.22(B), which reads in pertinent part:

"The board, pursuant to an adjudicatory hearing under Chapter 119. of the Revised Code * * * shall, to the *extent permitted by law,* limit, revoke, or suspend a certificate, refuse to register or refuse to reinstate an applicant, or reprimand or place on probation the holder of a certificate for one or more of the following reasons[.]" (Emphasis added.)

In the present matter, the penalty imposed by the board was that of "suspension for an indefinite period of time, but not less than one (1) year" followed by probation. R.C. 4731.22 authorizes such a penalty, and the common pleas court has no authority to modify a penalty that the agency was authorized to and did impose on the ground that the agency abused its discretion. *Henry's Cafe, Inc. v. Bd. of Liquor Control* (1959), 170 Ohio St. 233, 10 O.O.2d 177, 163 N.E.2d 678, at paragraph three of the syllabus. In addition to suspending appellant's license, the board imposed conditions for reinstatement, pursuant to R.C. 4731.22(G), which reads in pertinent part:

"Any action taken by the board under division (B) of this section resulting in a suspension from practice shall be accompanied by a written statement of the conditions under which the certificate holder may be reinstated to practice. *The board shall adopt rules governing conditions to be imposed* for reinstatement. * * * " (Emphasis added.)

■ Conditions ordered pursuant to R.C. 4731.22(G) must be in accordance with adopted rules and supported by reliable, probative, and substantial evidence so as not to be arbitrary or capricious and, therefore, contrary to law. The common pleas court must review the findings of the board to determine if the conditions for reinstatement imposed are supported by reliable, probative and substantial evidence, and are in accordance with law. If not, the common pleas court has the power to reverse or modify the board's order. See paragraph two of the syllabus of *Henry's Cafe,* which states:

"On appeal from an order of an agency * * * to the Court of Common Pleas, the power of the court to modify such order is limited to the ground set forth in Section 119.12 Revised Code, *i.e.,* the absence of a finding that the order is supported by reliable, probative and substantial evidence."

■ A review of the record reveals that most, but not all, of the conditions for reinstatement, including terms of probation imposed by the board, are supported

by reliable, probative, and substantial evidence and are otherwise in accordance with law. At issue are the following conditions for reinstatement:

"c. Dr. Eastway shall provide the Board with a certification from an approved treatment provider that he has successfully completed any required inpatient treatment and is in continuing in full compliance with regard to any outpatient treatment and/or aftercare.

"d. Dr. Eastway shall provide satisfactory documentation of continuous participation in a drug and alcohol rehabilitation program acceptable to the Board, such as AA, NA or Caduceus, no less than four (4) times per week.

"e. Dr. Eastway shall provide documentation acceptable to the Board of continuing psychiatric counseling at intervals as deemed appropriate by a treating psychiatrist approved by the Board."

Also at issue are the following terms of probation:

"d. Dr. Eastway shall continue counseling with a psychiatrist approved by the Board at such intervals as are deemed appropriate * * *.

" * * * *

"i. Dr. Eastway shall maintain participation in an alcohol and drug rehabilitation program acceptable to the Board, such as AA, NA or Caduceus, no less than four (4) times per week or as otherwise directed by the Board. * * * " (State Medical Board Order, Mar. 11, 1992.)

The above conditions for reinstatement are not supported by the hearing examiner's findings or the evidence contained in the record. The hearing examiner made the following finding, which was adopted by the board:

"13. In July, 1990, Dr. Eastway underwent a three-day assessment at the Alcoholism and Drug Dependency Treatment Unit of Riverside Methodist Hospitals. Dr. Eastway was diagnosed as drug dependent, *currently in remission.* According to Ransome R. Williams, M.D., Dr. Eastway's monitoring physician under the auspices of the Physician Effectiveness Committee at Grant Hospital. *Dr. Eastway has complied with all treatment and aftercare recommendations.*" (Emphasis added.)

The evidence suggests appellant's former drug problem has been alleviated and that no further treatment and aftercare are required. The findings and evidence suggest appellant has *successfully completed* the very programs and aftercare the board ordered him to participate in, apparently for a second time. Absent evidence in the record and a finding by the board that appellant is in need of additional repetitive counseling, imposition of the drug and alcohol and psychiatric "treatment" is without factual foundation and, therefore, not supported by reliable, probative, and substantial evidence and not in accordance with law.

Further, even if those conditions be supported by the evidence, the board in partially rejecting the hearing officer's recommendation failed to make factual findings indicating a need for repetitive counseling but, instead, imposed the same without reasoning or explanation.

■ Appellant also argues the sanctions imposed by the board were not in accordance with law, as the board is mandated to impose similar conditions for reinstatement upon physicians who have violated R.C. 4731.22(B)(26) (impairment of ability to practice due to excessive or habitual substance abuse), but appellant was not charged, nor proven to be in violation of R.C. 4731.22(B)(26). Appellant's argument is without merit.

R.C. 4731.22(G) requires the board to accompany any order suspending a certificate with a statement of written conditions under which the certificate may be reinstated. The rules governing conditions for reinstatement are found at Ohio Adm.Code 4731–13–16, which reads, as follows:

"Any disciplinary action taken by the board pursuant to division (B) of section 4731.22 of the Revised Code which results in a suspension from practice shall either lapse by its own terms or contain a written statement of the conditions under which the certificate may be reinstated.

"Such conditions may include but are not limited to:

"(A) Submission of a written application for reinstatement;

"(B) Payment of all appropriate fees as provided in Chapter 4731. of the Revised Code;

"(C) Mental or physical examination;

"(D) Additional education or training;

"(E) Reexamination;

"(F) Practice limitations;

"(G) Participation in counseling programs;

"(H) Demonstration that he can resume his practice in compliance with acceptable and prevailing standards."

Ohio Adm.Code 4731–13–16 does not preclude the board from imposing the conditions for reinstatement found in R.C. 4731.22(B)(26), as the conditions found in the statute are all within the scope of the conditions set forth in the rule. For example, the board ordered appellant to participate in drug and alcohol programs which are counseling programs authorized by Ohio Adm.Code 4731–13–16(G). Furthermore, Ohio Adm.Code 4731–13–16(C), authorizes the board to order

physical exams, which would include testing for illegal substances. The conditions for reinstatement which the board may impose are governed by the language of Ohio Adm.Code 4731–13–16 in accordance with R.C. 4731.22(G), which reads in pertinent part: "The board shall adopt rules governing conditions to be imposed for reinstatement." Ohio Adm.Code 4731–13–16 merely provides condition guidelines, and it is the board's responsibility to tailor the specific condition for reinstatement within the confines of the administrative rule, to the individual circumstances of each case. As the purpose of conditions for reinstatement are to facilitate rehabilitation, the board's requirements must be based on factual findings supported by reliable, probative, and substantial evidence, and the conditions imposed must be within the confines of the law.

If a reasonable interpretation of Ohio Adm.Code 4731–13–16 includes the conditions imposed by the board, the conditions are within the board's discretion to impose, provided they are based on factual findings supported by the evidence. In this matter, the conditions of reinstatement at issue were within the board's authority to impose, provided the evidence and findings by the board support their imposition. The board, however, failed to make any such finding, and the finding of the hearing examiner does not support such a condition.

Based on the foregoing, appellant's first and third assignments of error are well taken to the extent they contend the board exceeded its authority in imposing conditions for reinstatement which are not supported by findings based upon reliable, probative, and substantial evidence.[1] To the extent appellant contends his suspension or other conditions for reinstatement imposed by the board are not supported by evidence or not in accordance with law, his first and third assignments of error are not well taken.

■ Appellant's second assignment of error alleges the board incorrectly considered appellant's participation in the program for treatment in lieu of conviction pursuant to R.C. 2951.041. Successful participation in treatment in lieu of conviction results in a dismissal of the pending criminal charges and there is no criminal conviction. R.C. 2951.041(H). Furthermore, the court may order an expungement of a defendant's record pursuant to R.C. 2953.31 to 2953.36. The question of whether the board ordinarily should consider participation in treatment in lieu of conviction as evidence of misconduct is not properly before the court. Appellant stipulated to the state's exhibits concerning this issue and,

---

1. However, the board may reexamine the terms for probation after reinstatement at the time reinstatement is granted and make such modifications as are supported by the evidence at that time.

in effect, consented to it being evidence of his conduct. The trier of fact is permitted to draw reasonable inferences from properly submitted evidence, including stipulated evidence. A review of the record reveals the board's consideration of appellant's participation in the treatment-in-lieu-of-conviction program was proper. The second assignment of error is not well taken.

Appellant argues in his fourth assignment of error that there is no evidence of actual fraud committed by appellant, and the State Medical Board erred in its determination that fraud existed. Appellant was charged with violating R.C. 4731.22(B)(8), which states that "[t]he obtaining of, or attempting to obtain, money or anything of value by fraudulent misrepresentations in the course of practice." Such conduct is behavior subject to disciplinary action by the board. Appellant stipulated he presented prescribed controlled substances for his personal use on three separate occasions in the names of employees who were not bona fide patients. While appellant testified he was unaware that writing prescriptions in this manner was illegal, the hearing examiner did not believe appellant's testimony, stating in her report: "It defies common sense to believe that a physician would be unaware of the impropriety of writing a prescription in the name of a person other than the one for whom the medication is intended." The hearing examiner found appellant's actions violated R.C. 4731.22(B)(8), the board adopted her findings, and said findings are supported by the record. Appellant's fourth assignment of error is not well taken.

Appellant's fifth assignment of error presents the argument that the findings of fact as issued by the hearing examiner, and adopted by the board, were not supported by the record. The court has reviewed the record, and the hearing examiner's findings are all adequately supported by the evidence presented. Furthermore, the conclusions drawn by the hearing officer are also supported by the record. Appellant's actions constituted "[t]he obtaining of, or attempting to obtain, money or anything of value by fraudulent misrepresentations in the course of practice," as noted above. Furthermore, appellant's acts would constitute a felony in Ohio, thus violating R.C. 4731.22(B)(10). The fact appellant was not convicted of a felony is irrelevant. If the hearing examiner drew any improper inference from the evidence submitted on these issues, it was not prejudicial, as the evidence as stipulated by the parties clearly establishes that appellant performed acts which constitute violations of R.C. 4713.22(B)(8) and 4731.22(B)(10).

Furthermore, appellant stipulated to the fact that he failed to maintain patient records, which constitutes a violation of Ohio Adm.Code 4731–11–02(D). The

stipulated evidence clearly supports the hearing examiner's findings on these charges.

Following the hearing examiner's findings on appellant's violations of the Revised Code, the hearing examiner considered the evidence presented for purposes of mitigation. ·While the conclusions reached in the hearing examiner's evaluation of the evidence for purposes of mitigation may be based on improper inferences, no prejudice occurred to appellant as a result. This is especially apparent in view of the board's modification of the penalty recommended by the hearing examiner. The hearing examiner's findings of fact and conclusions of law are all supported by reliable, probative, and substantial evidence. While the hearing examiner's conclusions as to the consideration of the evidence for purposes of mitigation may be improper, appellant was not in any way prejudiced. Based on the foregoing, appellant's fifth assignment of error is not well taken.

For the foregoing reasons, appellant's first and third assignments of error are sustained as they relate to the conditions for reinstatement (c), (d), and (e) imposed by the board, which are not supported by the factual findings; otherwise they are overruled; appellant's second, fourth and fifth assignments of error are overruled; the judgment of the Franklin County Court of Common Pleas is reversed; and this cause is remanded to that court with instructions to affirm the State Medical Board of Ohio's decision except as to conditions of reinstatement and to remand the matter to the State Medical Board for further proceedings, consistent with this opinion and in accordance with law.

*Judgment reversed and cause*
*remanded with instructions.*

PEGGY BRYANT and BOWMAN, JJ., concur.