**BOUQUETT, Appellant,**

v.

**OHIO STATE MEDICAL BOARD, Appellee.**

[Cite as *Bouquett v. Ohio State Med. Bd.* (1997), 123 Ohio App.3d 466.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APE12–1701.

Decided Sept. 16, 1997.

468

*Charles A. Smiley, Jr.,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Anne Berry Strait,* Assistant Attorney General, for appellee.

PEGGY BRYANT, Judge.

Appellant, Gaston Bouquett, M.D., appeals from a judgment of the Franklin County Court of Common Pleas which affirmed an order of appellee, State Medical Board of Ohio ("board"), denying appellant's application for reinstatement of his license to practice medicine.

Pursuant to R.C. 4731.22(B)(3) and (B)(9), appellant's license to practice medicine was revoked because he was convicted in 1986 of conspiracy to distribute a Schedule II narcotic in violation of Sections 841(a) and 846, Title 21, U.S.Code. The acts underlying appellant's felony conviction were committed in the course of his ophthalmology practice, and included forging prescriptions in the names of his then patients.

In 1990, appellant applied to have his license reinstated. Following a hearing conducted pursuant to R.C. Chapter 119, the board denied the application for lack of authority to reinstate a medical license following its revocation. Although the board's order was affirmed in the common pleas court, this court in *Bouquett v. Ohio State Med. Bd.* (1991), 74 Ohio App.3d 203, 598 N.E.2d 762, held that the board may reinstate a physician's license to practice medicine following revocation if the board's order does not indicate that the revocation is permanent.

On June 1, 1992, appellant filed a second application for reinstatement of his license to practice medicine; in February 1993, the board notified appellant that it intended to deny his application. At appellant's request, a hearing on his

application was held before a hearing officer for the board. At the hearing, appellant testified that he had tried to put his conviction behind him. After serving five months in prison, he had diligently satisfied his community service requirement, and had tried to move on with his life. Nonetheless, appellant also maintained that his conviction was unjust since he did not commit the acts for which he was charged and convicted: he denied having conspired to write prescriptions for other than legitimate patient needs. Appellant admitted only that he allowed himself to become involved in a situation where he was "open to accusations." No evidence at the hearing suggested that appellant had engaged in illegal conduct since 1981.

In an order filed May 21, 1993, the hearing officer proposed that, based on R.C. 4731.22(B)(3) and (B)(9), the board deny appellant's application for reinstatement. On July 14, 1993, the board voted to adopt the hearing officer's report and recommendation without exception, and denied appellant's application for reinstatement. Pursuant to R.C. 119.12, appellant timely appealed the board's order to the Franklin County Common Pleas Court, which affirmed the board's order. Appellant timely appeals that decision to this court, assigning seven errors:

"I. The trial court erred by failing to find that the board's order was not supported by sufficient reliable, probative and substantial evidence of record.

"II. The trial court erred by failing to find that the board's order was unlawful as an unnecessary, unreasonable and excessive exercise of its police powers which unconstitutionally interferes with appellant's personal privileges and immunities.

"III. The trial court erred when it failed to hold O.R.C. 119.12, as applied to appellant, unconstitutional, because the order was made on a basis which deprived appellant's right to proper judicial review of the propriety of that order.

"IV. The trial court erred by failing to hold O.R.C. 4731.22(B), as applied to appellant, unconstitutional, because of the absence of any standards governing the board's resolution of applications for reinstatement following a non–permanent revocation.

"V. The trial court erred by failing to hold O.R.C. 4731.22(B), as applied to appellant, unconstitutional, because such provisions prevented appellant's having adequate notice of the charge and a fair hearing at which to defend.

"VI. The trial court erred by failing to hold that the board's order unlawfully discriminates against appellant, since it lacks any rational basis for the distinction between appellant and others who obtain licensure following a felony conviction.

"VII. The trial court erred by failing to hold that the board's order violated appellant's right to equal protection of law, since the order was arbitrary, whimsical, and capricious and without any necessary or reasonable basis."

In reviewing an order of the board, the common pleas court must uphold the order if it is supported by reliable, probative, and substantial evidence and is in accordance with law. R.C. 119.12; *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748, 750–751. By contrast, an appellate court reviewing the decision must determine if the common pleas court abused its discretion in deciding whether the board's order is so supported. *Id.* at 621, 614 N.E.2d at 750–751. In that regard, the Ohio Supreme Court has held:

"The fact that the court of appeals, or this court, might have arrived at a different conclusion than did the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." *Lorain City Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 261, 533 N.E.2d 264, 267.

Questions on appeal which relate to interpretation and application of pertinent statutes, however, require that we exercise plenary powers of review. *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 339, 587 N.E.2d 835.

In his first assignment of error, appellant contends that the common pleas court erred in finding the board's order to be supported by substantial, reliable, and probative evidence and in accordance with law because the board relied solely on his 1986 conviction as the basis for its refusal to reinstate his license.

In adopting the hearing officer's report, the board relied on R.C. 4731.22(B)(3) and (9) to refuse to reinstate appellant's license to practice medicine. R.C. 4731.22(B)(3) provides that the board may *refuse to reinstate* an applicant due to the applicant's "[s]elling, prescribing, giving away, or administering drugs for other than legal and legitimate therapeutic purposes * * * or a judicial finding of guilt of, a violation of any federal or state law regulating the possession, distribution, or use of any drug." Further, R.C. 4731.22(B)(9) permits the board to *refuse to reinstate* an applicant who has been found guilty of a felony. R.C. 4731.22(B)(3) and (9) apply to appellant's conduct and his request for reinstatement. Moreover, appellant admitted the existence of his conviction, and the judgments of the federal district and appellate courts were admitted into evidence at the administrative hearing.

Appellant nonetheless claims that the board properly could consider the conviction and the conduct underlying it only in assessing his fitness to practice medicine during the original revocation determination; he contends that the board was required to find "new" grounds in order to support its decision to deny reinstatement. Appellant, however, has failed to provide any authority supporting his contention, and we are aware of none.

While the provisions of R.C. 4731.22(B) provide grounds for revocation, by their plain language they may also serve as grounds for the board's refusal to reinstate:

"R.C. 4731.22(B) expressly contemplates that an application may be made * * * for reinstatement even by a doctor whose license to practice medicine has been revoked, although one of the grounds of denying such * * * reinstatement of a previous licensure would be the same as the reason for revocation of the license herein." *DeBlanco v. Ohio State Med. Bd.* (1992), 78 Ohio App.3d 194, 201, 604 N.E.2d 212, 216.

Thus, even absent "new" evidence, the board's statutory authority allowed it to consider appellant's admitted felony drug conviction and to deny appellant's application for reinstatement.

■ Even if appellant correctly suggests that "something more" is required to support the board's refusal to reinstate his license, appellant nonetheless fails to show an abuse of discretion in the common pleas court's decision. While appellant cites cases in which the board, after considering an applicant's felony drug offense, stayed the applicant's revocation or allowed reinstatement of the applicant's license, those cases are factually distinguishable in that the applicants there acknowledged their unlawful conduct. See *In re Eastway* (1994), 95 Ohio App.3d 516, 519, 642 N.E.2d 1135, 1136–1137 (physician's conduct violated R.C. 4731.22[B] and at hearing physician admitted before the hearing officer that physician had a drug problem and that he had taken steps to correct it; board stayed physician's license revocation and imposed conditions for reinstatement); *Chiaffitelli v. Ohio State Med. Bd.* (Mar. 5, 1987), Montgomery App. No. 10009, unreported, 1987 WL 7514 (after no contest plea to two felony drug counts, physician voluntarily surrendered his license; board reinstated license with conditions). By contrast, evidence here demonstrated that appellant continues to deny his wrongdoing in the circumstances underlying his 1986 felony drug conviction. Instead, appellant seems only to regret being "set up." Appellant's continued denial of his wrongdoing suffices on these facts to serve as any additional justification needed to support the board's determination.

■ Additionally, appellant contends that the board's order was not in accordance with law since the board did not consider the full realm of sanctions available to it when it refused to reinstate his license. In support, appellant cites *Brost v. Ohio State Med. Bd.* (1991), 62 Ohio St.3d 218, 581 N.E.2d 515, which found that the board's actions were not in accordance with law where the board felt constrained to abide by its disciplinary guidelines without considering lesser sanctions provided in R.C. 4731.22(B). Contrary to appellant's contention, however, the record here reflects that board members understood that "the [board's

own] disciplinary guidelines do not limit any sanction to be imposed, and that the range of sanctions available in each matter runs from dismissal to permanent revocation." In fact the record lacks any evidence that the board considered its internal disciplinary guidelines. The board thus complied with the mandate of *Brost*, and the common pleas court correctly found that the board's decision was in accordance with law.

Because the trial court did not abuse its discretion in finding that the board's order is supported by substantial, reliable, and probative evidence and is in accordance with law, appellant's first assignment of error is overruled.

Appellant's second assignment of error asserts that R.C. 4731.22 as applied created an unlawful exercise of police powers and deprived him of equal protection and due process under the United States and Ohio Constitutions. Although appellant alleges a violation of equal protection, he fails to advance any factual analysis or legal support to explain how the alleged unlawful exercise of police powers violated his right to equal protection. Such claims "cannot be given full attention by the courts if they are simply generalized statements * * * without reference to how the conduct of the agency precisely violates any alleged constitutional rights." *McCartney Food Market, Inc. v. Ohio Liquor Control Comm.* (June 22, 1995), Franklin App. No. 94APE10–1576, unreported, 1995 WL 373496.

In asserting a due process violation, appellant claims that because the board failed to adduce any evidence that its refusal to reinstate appellant's license was both reasonable and necessary, its order is an invalid exercise of police powers which infringes on his individual rights.

R.C. 4731.22(B) was enacted under the state's police powers in order to protect the public's safety and welfare; as such, it is presumed to be constitutional. See *Grange Mut. Cas. Co. v. Columbus* (1989), 49 Ohio App.3d 50, 55, 550 N.E.2d 524, 529–530. The "presumption can only be overcome if it is clearly shown that the enactment bears no real or substantial relationship to a legitimate state interest." *Id.; Cincinnati v. Welty* (1980), 64 Ohio St.2d 28, 29, 18 O.O.3d 211, 211–212, 413 N.E.2d 1177, 1177–1178. The provisions of R.C. 4731.22(B) setting forth the criteria for revoking a physician's license and for refusing reinstatement relate directly to the state's interest in protecting the public from a physician whose behavior has fallen below an acceptable standard of conduct. Although appellant claims that the board failed to show its refusal was reasonable and necessary to promote that interest, the board does not bear that burden; appellant must overcome the presumption of constitutionality. Appellant has failed to sustain his burden of showing that the provisions of R.C. 4731.22 bear no substantial relation to the interests the state asserts.

Appellant's second assignment of error is overruled.

Appellant's third assignment of error claims that because the record does not reflect the basis for the board's decision to deny his application for reinstatement, he has been denied meaningful judicial review of the board's decision. In so arguing, he suggests that R.C. 119.12 as applied is unconstitutional in violation of the Fifth and Fourteenth Amendments of the United States Constitution and Section 16, Article I, Ohio Constitution.

Appellant did not question the constitutionality of R.C. 119.12 on that basis in either his hearing before the board or in his appeal to the court of common pleas. Generally, "[c]onstitutional issues, not raised during administrative proceedings, are not waived, because constitutional issues cannot be determined administratively." *Grant v. Ohio Dept. of Liquor Control* (1993), 86 Ohio App.3d 76, 83, 619 N.E.2d 1165, 1171, citing *Mobil Oil Corp. v. Rocky River* (1974), 38 Ohio St.2d 23, 26, 67 O.O.2d 38, 39–40, 309 N.E.2d 900, 902. Nonetheless, constitutional issues which are not raised in either the administrative proceedings or the common pleas court will not be addressed in the court of appeals in the first instance. *Oglesby v. Toledo* (1993), 92 Ohio App.3d 432, 635 N.E.2d 1319. Appellant having failed to raise the issue either before the board or the common pleas court, he has waived redress of the claim. Appellant's third assignment of error is overruled.

In his fourth assignment of error, appellant asserts that he was denied due process under the Ohio and United States Constitutions because the board had no established standards to govern its decision to deny his application for license reinstatement. As a result, he contends that he was not on notice of the possible grounds the board could rely on in denying his application for reinstatement, and was not given a meaningful opportunity to support his request for reinstatement.

The Due Course Clause, Section 16, Article I, Ohio Constitution, is equivalent to the Due Process Clause of the Fourteenth Amendment. *Sorrell v. Thevenir* (1994), 69 Ohio St.3d 415, 422, 633 N.E.2d 504, 510–511. "Notice and hearing are necessary to comply with due process in an administrative proceeding which revokes an individual's license to practice a profession." *Korn v. Ohio State Med. Bd.* (1988), 61 Ohio App.3d 677, 684, 573 N.E.2d 1100, 1105, citing *Jewell v. McCann* (1917), 95 Ohio St. 191, 116 N.E. 42. Determination of the type of hearing that minimally comports with due process requires a balancing of the governmental and individual interests at stake. *Korn, supra,* at 684, 573 N.E.2d at 1104–1105. Where a physician is fully apprised of the violations being considered by the board and is given a full opportunity to respond before an

impartial board, due process has been satisfied. *Id.; Vaughn v. Ohio St. Med. Bd.* (Nov. 30, 1995), Franklin App. No. 95APE–645, unreported, 1995 WL 704753.

Here, the board sent appellant notice of its intention to deny his application; the notice set forth R.C. 4731.22(B)(3) and (B)(9) as the precise grounds underlying its proposed denial. Both provisions of the statute are clear and unambiguous. Moreover, appellant was granted a hearing where he not only was represented by counsel but also presented testimony from eight witnesses on his behalf. Thus, even if the standard set forth in *Korn* for revocation proceedings be applied here, appellant had the requisite notice and opportunity to be heard; due process was satisfied. Appellant's fourth assignment of error is overruled.

Appellant's fifth assignment of error asserts that the board's decision was unlawful because it denied him his personal right of occupational choice. An individual's right to engage in a chosen profession is not absolute; a state may act pursuant to its police powers to regulate or prohibit a business or profession so long as its actions are necessary for the public welfare. *State ex rel. Clark v. Brown* (1965), 1 Ohio St.2d 121, 30 O.O.2d 478, 205 N.E.2d 377; *Great Atlantic & Pacific Tea Co. v. Grosjean* (1937), 301 U.S. 412, 57 S.Ct. 772, 81 L.Ed. 1193; *Murphy v. California* (1912), 225 U.S. 623, 32 S.Ct. 697, 56 L.Ed. 1229. Regulation of the practice of medicine is necessary to protect public health and safety. See *Hawker v. New York* (1898), 170 U.S. 189, 18 S.Ct. 573, 42 L.Ed. 1002 (upheld statute prohibiting convicted felon from practicing medicine because physician "should be one who may safely be trusted"); *Dent v. W. Virginia* (1889), 129 U.S. 114, 9 S.Ct. 231, 32 L.Ed. 623 (upheld state's right under its police powers to require that physicians be licensed); *Nesmith v. State* (1920), 101 Ohio St. 158, 128 N.E. 57 (predecessor to R.C. Chapter 4731 upheld as constitutional as being within the state's police power and necessary for the regulation of public health). Although the board's decision limited appellant's occupational choice, the board followed the standards created by the legislature in furtherance of the state's protection of public health. Appellant's fifth assignment of error is overruled.

Appellant's sixth and seventh assignments of error contend that R.C. 4731.22(B), as applied, violated his equal protection rights as protected by the United States and Ohio Constitutions. As the basis for his equal protection claim, appellant points to cases where allegedly similarly situated physicians have received more lenient discipline from the board; he claims that the board has no rational basis for the unequal treatment rendered him under the statute. In support, appellant relies on several cases where other physicians, guilty of drug-related felonies, were granted license reinstatement. In *Vaughn,* this court found that where a physician offers no evidence to support a claim of discrimination other than a list of other physicians who received lesser sanctions, no equal protection violation is shown. Because the "standard for determining violations

of equal protection is essentially the same under the state and federal law," *Beagle v. Walden* (1997), 78 Ohio St.3d 59, 63, 676 N.E.2d 506, 508, citing *Beatty v. Akron City Hosp.* (1981), 67 Ohio St.2d 483, 491, 21 O.O.3d 302, 307, 424 N.E.2d 586, 591–592, appellant has failed to demonstrate that R.C. 4731.22(B) as applied resulted in discrimination under the Ohio or United States Constitutions. Appellant's sixth and seventh assignments of error are overruled.

Having overruled appellant's seven assignments of error, we affirm the judgment of the common pleas court.

*Judgment affirmed.*

PETREE and LAZARUS, JJ., concur.