OPINION
{¶ 1} Appellant, F F, Inc. of Cincinnati, which does business as J W Market, appeals from a judgment of the Franklin County Court of Common Pleas affirming three orders of appellee, Ohio Liquor Control Commission ("commission"), which revoked appellant's liquor permit. For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} The Ohio Department of Public Safety ("department"), Investigative Unit, with assistance from the Cincinnati Police Department, investigated appellant as a result of allegations that agents or employees of appellant were receiving stolen property. As a result of the investigation, the department issued multiple violation notices to appellant. The three notices that are relevant to this appeal alleged violations of Ohio Adm. Code4301:1-1-52 ("Rule 52"). More specifically, these three notices alleged that an agent or employee of appellant received stolen property on the liquor permit premises.
 {¶ 3} The hearing before the commission on this matter was scheduled for October 9, 2002. Prior to the scheduled hearing, appellant's counsel requested a continuance. The commission granted this continuance and rescheduled the matter to be heard on February 12, 2003. On February 4, 2003, appellant filed a motion for continuance on the basis that a "material witness" would be unavailable for the scheduled February 12, 2003 hearing. The commission denied this motion for continuance, noting that the case was previously continued from October 9, 2002 to February 12, 2003.
 {¶ 4} On February 12, 2003, the commission held an evidentiary hearing. At the evidentiary hearing, six of the total nine cases were dismissed, and appellant denied the charges in the remaining three cases but stipulated to the facts contained in the investigative reports.
 {¶ 5} The facts contained in the investigative reports indicate the following. On May 2, 2000, an undercover officer, Darris Sneed, entered J W Market with a gym bag containing cigars and baby formula. Musa Jallaq, the president of F F, Inc., of Cincinnati, was working behind the counter at the store. The officer represented to Mr. Jallaq that the items were stolen. Mr. Jallaq stated, "I'll find something to do with it," and gave the officer $40 for the items. Mr. Jallaq also told the officer that he would "take all [the officer could] get," referring to the baby formula.
 {¶ 6} On May 4, 2000, Mr. Sneed entered J W Market with 26 cans of baby formula in a gym bag and informed Mr. Jallaq that he had more milk for him. Pursuant to an agreement between the two, Mr. Sneed retrieved 22 more cans of baby formula from inside his automobile, reentered the store, and sold 48 cans of baby formula to Mr. Jallaq for $45.
 {¶ 7} On May 8, 2000, Mr. Sneed again entered J W Market, this time with 12 cans of baby formula and five packages of batteries. Mr. Sneed again represented the items as being stolen, and Mr. Jallaq purchased the items from Mr. Sneed for $15.
 {¶ 8} On February 20, 2003, the commission issued an order revoking appellant's liquor permit in case No. 2161-02. On April 1, 2003, the commission issued an order revoking appellant's liquor permit in case No. 2162-02. Finally, on April 22, 2003, the commission issued an order revoking appellant's liquor permit in case No. 2163-02.
 {¶ 9} Appellant appealed from these orders to the Franklin County Court of Common Pleas. The trial court consolidated the three administrative appeals. On August 22, 2003, the trial court affirmed the orders of the commission revoking appellant's liquor permit. The trial court determined that the commission's orders were supported by reliable, probative, and substantial evidence and in accordance with law. Appellant appeals from this judgment of the trial court.
 {¶ 10} On October 2, 2003, this court granted appellant's motion to consolidate the appeals in this matter. Appellant has raised the following assignment of error:
The common pleas court erred in affirming the revocation orders of the liquor control commission, in that the orders are not in accordance with law.
 {¶ 11} Pursuant to R.C. 119.12, when a common pleas court reviews an order of an administrative agency, it must consider the entire record and determine whether the agency's order is supported by reliable, probative, and substantial evidence and is in accordance with law. Univ. of Cincinnati v. Conrad (1980),63 Ohio St.2d 108, 110-111; see, also, Andrews v. Bd. of LiquorControl (1955), 164 Ohio St. 275, 280.
 {¶ 12} The common pleas court's "review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court `must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.'"Lies v. Ohio Veterinary Med. Bd. (1981), 2 Ohio App.3d 204,207, quoting Andrews, at 280.
 {¶ 13} An appellate court's review of an administrative decision is even more limited than that of a common pleas court.Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, rehearing denied, 67 Ohio St.3d 1439. In Pons, the Supreme Court of Ohio stated:
* * * While it is incumbent on the trial court to examine the evidence, this is not a function of the appellate court. The appellate court is to determine only if the trial court has abused its discretion, i.e., being not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for those of the medical board or a trial court. Instead, the appellate court must affirm the trial court's judgment. * * *
Id. at 621.
 {¶ 14} However, an appellate court does have plenary review of purely legal questions. Steinfels v. Ohio Dept. of Commerce,Div. of Securities (1998), 129 Ohio App.3d 800, 803, appeal not allowed (1999), 84 Ohio St.3d 1488. In the case at bar, the evidence is undisputed. Therefore, we must determine whether the common pleas court's decision is in accordance with law.
 {¶ 15} Under its assignment of error, appellant asserts that the commission erred when it denied appellant's motion for continuance filed February 4, 2003. Appellant argues that it was denied the opportunity to present mitigating evidence when, according to appellant, the commission arbitrarily denied its motion for continuance.
 {¶ 16} At issue is whether the commission abused its discretion when it denied appellant's February 4, 2003 motion for continuance. Regarding the continuance of hearings before the commission, Ohio Adm. Code 4301:1-1-65(F) provides as follows:
Any hearing may be postponed or continued by the commission on its own motion or at the request of either the director, superintendent, appellant or permit holder for such period of time and upon such terms as the commission may prescribe. The party requesting continuance shall submit to the commission, at least five days prior to the date set for the hearing, a written request, stating the reason for the desired continuance.
(Emphasis added.)
 {¶ 17} Although appellant complied with Ohio Adm. Code4301:1-1-65(F) by filing its motion for continuance at least five days prior to the date set for the hearing, the commission was not required to grant said motion. The standard for granting a continuance is the same for an administrative agency as it is for a trial court. Earth 'N Wood Products, Inc. v. Akron Bd. ofZoning Appeals, Summit App. No. 21279, 2003-Ohio-1801, at ¶ 11, citing Coats v. Limbach (1989), 47 Ohio St.3d 114, 116. The granting or denying of a continuance is within the sound discretion of the trial court, and a decision denying a continuance will not be reversed absent an abuse of discretion.Scott v. Scott, Franklin App. No. 03AP-411, 2004-Ohio-1405, citing State v. Unger (1981), 67 Ohio St.2d 65. An abuse of discretion "`connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, quoting State v. Adams (1980), 62 Ohio St.2d 151,157. "`There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.'" Unger, at 67, quoting Ungar v.Sarafite (1964), 376 U.S. 575, 589, 84 S.Ct. 841.
 {¶ 18} "The review of a decision on a motion for continuance requires the appellate court to apply a balancing test, weighing the trial court's interest in controlling its own docket, including facilitating the efficient dispensation of justice, versus the potential prejudice to the moving party." Burton v.Burton (1999), 132 Ohio App.3d 473, 476. Objective factors to consider include the following:
* * * the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.
Unger, at 67-68.
 {¶ 19} We conclude that the trial court did not abuse its discretion when it denied appellant's February 4, 2003 motion for continuance. The commission already continued the hearing in October 2002, at the request of appellant and rescheduled the hearing at an agreed upon date.[1] The fact that it was appellant's second request for a continuance and appellant's counsel had agreed upon the February 12, 2003 hearing date provided reasons for the denial of that continuance.
 {¶ 20} Appellant claims that it was prejudiced as a result of the denial of the continuance because it was unable to present evidence in mitigation of the penalty. Appellant argues that the revocation of the liquor permit in this case was unnecessary because the permit was going to be transferred, and that evidence of transfer would have been presented by the witness that was out of the country on the day of the February 12, 2003 hearing, Mr. Bassad. Whether the testimony of Mr. Bassad, the alleged bona fide transferee of the liquor permit, would have been relevant to the proceedings is questionable. Moreover, the evidence of alleged mitigation could have been introduced by means other than the live testimony of Mr. Bassad, thereby minimizing any prejudicial effect of the denial of the continuance. The fact that the commission denied appellant's motion for continuance, even though appellant's witness was out of the country at the time of the hearing, does not render that denial an abuse of discretion.
 {¶ 21} Clearly, if the commission abused its discretion by denying the motion for continuance, then appellant would not have received a fair hearing. However, considering the circumstances of this case, we do not find that the commission acted unreasonably, arbitrarily, or unconscionably in denying appellant's second motion for continuance.
 {¶ 22} Appellant argues that the commission "unduly burdened F F, Inc. by staggering the three revocation orders[.]" (Appellant's brief, at 11.) As outlined above, the commission issued three separate orders, each of which revoked appellant's liquor permit. Although all three cases were heard on the same day, the three orders of the commission regarding those three cases were not issued on the same day. Appellant has cited no statutory law or case law that would indicate that the commission erred when it staggered the issuance of the revocation orders. Also, appellant has failed to demonstrate how it was "unduly burdened" from the staggering of the orders, aside from alleging that its court costs were increased. Regarding court costs, we note that even if the orders had been issued on the same day, appellant still would have had to file three separate appeals from the three separate orders revoking appellant's liquor permit. Based on the foregoing, we find appellant's argument on this issue to be without merit.
 {¶ 23} Regarding the penalty imposed by the commission in this case, appellant argues that the penalty is disproportionate to appellant's misconduct, that the revocation of appellant's liquor permit violated due process, and that R.C. 119.12 is unconstitutional "insofar as it limits judicial review of the administrative sanction imposed." (Appellant's brief, at 15.) We reject appellant's arguments with respect to the penalty imposed by the commission.
 {¶ 24} Preliminarily, we observe that appellant has waived the issue of whether R.C. 119.12 violates due process and is unconstitutional. We observe that "[c]onstitutional issues, not raised during administrative proceedings, are not waived, because constitutional issues cannot be determined administratively."Grant v. Ohio Dept. of Liquor Control (1993),86 Ohio App.3d 76, 83, citing Mobil Oil Corp. v. Rocky River (1974),38 Ohio St.2d 23, 26. However, "constitutional issues which are not raised in either the administrative proceedings or the common pleas court will not be addressed in the court of appeals in the first instance." Bouquett v. Ohio State Medical Bd. (1997),123 Ohio App.3d 466, 474, citing Oglesby v. Toledo (1993),92 Ohio App.3d 432. Because appellant failed to raise the issue of the constitutionality of R.C. 119.12, appellant has waived its constitutionality argument regarding a court's review of the penalty imposed in this case.
 {¶ 25} Even assuming, arguendo, that appellant has not waived its argument regarding due process and R.C. 119.12, we find this argument, as well as appellant's argument that the penalty imposed was disproportionate to appellant's misconduct, to be without merit.
 {¶ 26} Pursuant to Henry's Café, Inc. v. Bd. of LiquorControl (1959), 170 Ohio St. 233, at paragraph three of the syllabus, the common pleas court "has no authority to modify a penalty that the agency was authorized to and did impose, on the ground that the agency abused its discretion." If this court would rule that R.C. 119.12 is unconstitutional "insofar as it limits judicial review of the administrative sanction imposed," we would effectively overrule Henry's Café. See Consun FoodIndustries, Inc. dba Convenient Food Mart # 727 v. Ohio LiquorControl Comm., Franklin App. No. 02AP-1375, 2003-Ohio-4683. Moreover, as this court previously has observed, "[a]s a practical matter, courts have little or no ability to review a penalty even if it seems on the surface to be unreasonable or unduly harsh. * * * Perhaps the time to reconsider Henry'sCafé has arrived, but the Supreme Court of Ohio must be the court to do that reconsideration." Lindner v. Ohio LiquorControl Comm. (May 31, 2001), Franklin App. No. 00AP-1430.
 {¶ 27} Therefore, we conclude that appellant was not denied due process, that the penalty imposed by the commission in this case is not subject to our review, and that R.C. 119.12 is not unconstitutional "insofar as it limits judicial review of the administrative sanction imposed."
 {¶ 28} Based on the foregoing, we find that the trial court did not abuse its discretion in finding that the commission's orders were supported by reliable, probative, and substantial evidence and in accordance with law. Accordingly, we overrule appellant's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Klatt and Wright, JJ., concur.
Wright, J., retired of the Supreme Court of Ohio, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] At the time the continuance was granted in October 2002, appellant's counsel had agreed to the February 12, 2003 date for the hearing.