DECISION
 IN MANDAMUS ON OBJECTIONS TO THE MAGISTRATE'S DECISION {¶ 1} Relator, Daniel Day, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, State Teachers Retirement System Board of Ohio ("STRB"), to vacate its decision refusing to grant an exception, as set forth at Ohio Adm. Code3307:1-4-01(B)(2), to the statutory limitation on compensation in the *Page 2 
calculation of final average salary ("FAS") set forth at R.C. 3307.501, and to enter a decision that recalculates his FAS based upon recognition of an exception to the statutory limitation on compensation.
 {¶ 2} This matter was referred to a court-appointed magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, and recommended that this court deny relator's request for a writ of mandamus. (Attached as Appendix A.) Relator has filed objections to the magistrate's decision.
 {¶ 3} Relator presents no new issues in his objections. Pursuant to Ohio Adm. Code 3307:1-4-01(B)(2) and R.C. 3307.501(E), the STRB was permitted to include all or part of relator's 16.03 percent increase in income in 2004, up to a maximum of $7,500, that was excluded by R.C.3307.501(B) if it determined that good cause existed for its inclusion. The "good cause" urged by relator during the administrative proceedings was that the increase in earnings was solely due to changes made in the State Teachers Retirement System ("STRS") and not by any attempted manipulation by relator. Relator agrees that this court must review the record to determine whether STRB's decision was an abuse of discretion. See State ex rel. Ryan v. State Teachers Retirement Sys. (1994),71 Ohio St.3d 362. An abuse of discretion connotes more than an error of law or judgment, it implies that the agency's attitude is unreasonable, arbitrary, or unconscionable. F F, Inc. of Cincinnati v. Ohio LiquorControl Comm., Franklin App. No. 03AP-914, 2004-Ohio-5259, at ¶ 17, citing Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Absent an abuse of discretion, the appellate court may not substitute its judgment for that of the administrative agency. Pons v. Ohio State Med. Bd.
(1993), *Page 3 66 Ohio St.3d 619. However, the STRB's discretion under Ohio Adm. Code3307:1-4-01 is not unbridled. See State ex rel. Hanzely v. StateTeachers Retirement Sys. Bd. of Ohio Franklin App. No. 03AP-1125,2004-Ohio-5537, at ¶ 46.
 {¶ 4} In the present case, the magistrate did not err in finding the STRB did not abuse its discretion in denying an exception to relator. Although relator presented several sources to indicate that the limitation in R.C. 3307.501(B) aims to prohibit artificial manipulation of income during the final few years of employment, there is no indication in the statute or administrative regulation that any other reason for a substantial increase in salary is good cause for an exception to the limitation. Here, although relator frames the circumstances as being "due solely to a change in new regulations enacted by the [STRS]," the circumstances actually arose solely due to relator's failure to follow the rules in the newly enacted Ohio Adm. Code3307-6-01 and 3307-6-02, which contained procedures of which relator could have taken advantage prior to July 1, 2004, in order to prevent the present situation. A letter from relator's attorney to the STRS indicates that relator was not prevented from utilizing those procedures but merely failed to "learn about the new regulations until after the July 1, 2004 deadline." Therefore, it was not STRS's actions that were responsible for relator's decreased FAS, but his own. Under these circumstances, we cannot find an abuse of discretion in the STRB's determination that relator failed to establish good cause to support an exception to the limitation in R.C. 3307.501(B). Accordingly, relator's objections are overruled.
 {¶ 5} After an examination of the magistrate's decision, an independent review of the record pursuant to Civ.R. 53, and due consideration of relator's objections, we overrule the objections. Accordingly, we adopt the magistrate's decision as our own with *Page 4 
regard to the findings of fact and conclusions of law based upon the reasons set forth above. Therefore, we deny relator's request for a writ of mandamus.
Objections overruled; writ of mandamus denied.
SADLER, P.J., and TYACK, J., concur.
 MAGISTRATE'S DECISION IN MANDAMUS {¶ 6} In this original action, relator, Daniel Day, requests a writ of mandamus ordering respondent, State Teachers Retirement Board ("STRB"), to vacate its decision refusing to grant an exception as set forth at Ohio Adm. Code 3307:1-4-01(B)(2) to the statutory limitation on compensation in the calculation of final average salary ("FAS") set *Page 6 
forth at R.C. 3307.501, and to enter a decision that recalculates his FAS based upon recognition of an exception to the statutory limitation on compensation.
Findings of Fact: {¶ 7} 1. In the early 1970s, relator became a teacher for the Champion Local School District and he was compensated for his service until his retirement in June 2005. At his retirement, relator had 33.04 years of service credit.
 {¶ 8} 2. Beginning in 1999, relator was also compensated for his service to the North Eastern Ohio Education Association ("NEOEA"), a teacher professional organization ("TPO") as defined at Ohio Adm. Code3307-6-01(A)(4).
 {¶ 9} 3. Internal Revenue Service W-2 forms of record show that relator was compensated by NEOEA by the following dollar amounts during the following years:

 Year Amount
 1999 2,681.50
 2000 8,592.50
 2001 7,809.00
 2002 4,828.50
 2003 7,197.00
 2004 8,533.00

 {¶ 10} 4. Effective July 1, 2001, STRB promulgated Ohio Adm. Code3307-6-01 and 3307-6-02.
 {¶ 11} Ohio Adm. Code 3307-6-01 provides that service to a TPO shall constitute teaching service "if employer and employee contributions are made for each year of such service."
 {¶ 12} Ohio Adm. Code 3307-6-02 provides that a member of the State Teachers Retirement System ("STRS") who is not retired on the effective date of the rule may apply *Page 7 
to contribute for service to a TPO, but all contributions for qualifying service prior to July 1, 2004, must be completed prior to that date.
 {¶ 13} 5. Relator did not contribute to STRS prior to July 1, 2004, for any of his service to the TPO.
 {¶ 14} 6. However, at his retirement in June 2005, relator did contribute to STRS for the $8,533 in compensation he received from NEOEA during the year 2004. Thus, relator's contribution for his NEOEA compensation dramatically increased his total annual compensation received for teaching services during the last fiscal year[1]
(2004-2005) of his employment.
 {¶ 15} 7. Pursuant to R.C. 3307.501(C), upon a member's filing for a retirement benefit, STRB determines the FAS of a member by dividing by three the sum of the member's annual compensation for the three highest years of compensation for which the member made contributions. In that regard, R.C. 3307.501(B) provides that compensation:
 * * * [D]oes not include any amount resulting from a percentage increase paid to a member during the member's two highest years of compensation that exceeds the greater of the following:
 (1) The highest percentage increase in compensation paid to the member during any of the three years immediately preceding the member's two highest years of compensation[.] * * *
 {¶ 16} 8. In determining FAS, STRB determined the percentage increase in compensation for each of the six years prior to relator's retirement. The following schedule of percentage increases was determined: *Page 8 

 Fiscal Years[2] Earnings Percentage Increase
 1998 50,184 —
 1999 53,694 7.00%
 2000 56,323 4.90%
 2001 59,219 5.14%
 2002 60,965 2.95%
 2003 63,570 4.27%
 2004 73,763 16.03%

 {¶ 17} 9. Given that 5.14 percent is the highest percentage increase in compensation paid during the three years immediately preceding relator's two highest years of compensation, STRB allowed relator only a 5.14 percent increase in compensation for fiscal year 2004. Thus, relator's compensation of $73,763 for fiscal year 2004 was reduced to $66,837 for purposes of the FAS calculation ($63,570 x 1.0514 = $66,837).
 {¶ 18} 10. Dividing by three the sum of relator's adjusted earnings for fiscal years 2002, 2003 and 2004, produces a FAS of $63,791. However, without the adjustment of the fiscal year 2004 earnings, FAS would have been $66,099.
 {¶ 19} 11. By letter dated August 2, 2005, STRS notified relator of its FAS calculation and that relator's earnings of $73,763 for fiscal year 2004 was reduced to $66,837 based upon the allowance of a 5.14 percent increase. Relator was also informed that the adjustment of his fiscal year 2004 earnings reduced his monthly benefit by as much as $135.
 {¶ 20} 12. Pursuant to R.C. 3307.501(E), relator administratively appealed the calculation of his FAS at $63,791. *Page 9 
 {¶ 21} 13. On January 18, 2006, the FAS committee at STRS met to consider relator's appeal. At the hearing, relator appeared with his attorney. Following the January 18, 2006 hearing, the FAS committee voted to recommend that the STRB "affirm" the original calculation of FAS.
 {¶ 22} 14. By letter dated February 20, 2006, the STRS deputy executive director informed relator:
 Unfortunately, the earnings excluded in the calculation of your FAS were not the result of any recognized reasons for making exceptions to the statutory exclusions. Your FAS remains at $63,791 [.] * * *
The letter further informed relator that the decision was final.
 {¶ 23} 15. On April 24, 2006, relator, Daniel Day, filed this mandamus action.
Conclusions of Law: {¶ 24} It is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below.
 Ohio Adm. Code 3307:1-4-04(B) provides:
 (B) Where the two highest years of compensation certified for an applicant for service retirement include a percentage increase otherwise excluded by division (B) of section 3307.501 of the Revised Code, the executive director of the state teachers retirement system or his designee may include all or part of such percentage increase in the calculation of final average salary, up to a maximum of seventy-five hundred dollars, if:
 (2) The executive director of the state teachers retirement system or his designee determines that other good cause exists for inclusion. *Page 10 
 {¶ 25} The issue here is whether STRB abused its discretion in determining that there is an absence of good cause to grant an exception to the R.C. 3307.501(B) statutory limitation on compensation in the calculation of FAS.
 {¶ 26} In a letter dated September 28, 2005 from relator's counsel to STRS, relator argued:
 In 2001, STRS enacted two new regulations. See O.A.C. §§ 3307-6-01 and 3307-6-02. Under the new regulations, compensation earned in a teacher professional organization could now be included in a teacher's FAS. Potentially all of Mr. Day's compensation earned from his service with NEOEA could have been included in his FAS. Unfortunately, Mr. Day did not learn about the new regulations until after the July 1, 2004 deadline. Therefore, he was only able to include his compensation earned for the 2004-2005 school year. Mr. Day's actions were not the reason for the spike in compensation for the 2004-2005 school year, STRS's own actions were.
 It seems archaic to now deny Mr. Day the full amount of compensation permitted under the exception. If Mr. Day had learned about the new regulations earlier, he would have taken full advantage of O.A.C. § 3307-6-02, prior to July 1, 2004, and he would have been entitled to a much higher FAS than that which he is seeking now. Should Mr. Day be penalized for this?
 The change in compensation in Mr. Day's FAS was due solely to changes made by STRS and not by any artificial manipulations committed by Mr. Day prior to his retirement. Mr. Day should be entitled to have the full amount of the exception permitted under O.A.C. § 3307:1-4-01(B) be applied to his FAS.
 {¶ 27} In effect, relator asked STRB to excuse his noncompliance with Ohio Adm. Code 3307-6-02, that is, his failure to make contributions to STRS prior to July 1, 2004, for any of his service to the TPO. Obviously, had relator made the contributions for *Page 11 
the compensation he received from NEOEA, STRS could have invested those contributions to fund relator's retirement benefit that he now seeks to enhance.
 {¶ 28} Ohio Adm. Code 3307-6-01(B) prohibits the relief that relator seeks here, and provides:
 Service to a teacher professional organization by a member performing such service in addition to teaching duty shall constitute teaching service for the purposes of Chapter 3307. of the Revised Code if employer and employee contributions are made for each year of such service as specified by this paragraph. * * *
 {¶ 29} It cannot be an abuse of discretion for STRB to find the absence of good cause when to do so would violate Ohio Adm. Code3307-6-01(B)'s requirement that contributions be made on the compensation for which the teacher seeks STRS credit.
 {¶ 30} Accordingly, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.
KENNETH W. MACKE MAGISTRATE
[1] Apparently, the STRS fiscal year begins July 1st
and ends June 30th.
[2] The years listed identify the beginning of the fiscal year. Thus, "2004" identifies fiscal year 2004-2005. *Page 1